[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 213.]

**HEDDLESTON, APPELLANT, *v.* MACK, WARDEN, APPELLEE.**

**[Cite as *Heddleston v. Mack*, 1998-Ohio-320.]**

*Habeas corpus to compel petitioner's release from prison—Petition properly dismissed by court of appeals, when.*

(No. 98-1679—Submitted December 2, 1998—Decided December 30, 1998.)

APPEAL from the Court of Appeals for Madison County, No. CA98-06-025.

————————————

{¶ 1} In November 1997, the Columbiana County Court of Common Pleas convicted appellant, David A. Heddleston, Jr., of illegal possession of a firearm in a liquor permit premises, receiving stolen property, and aggravated assault, and sentenced him to an aggregate prison term of eighteen months to five years. The common pleas court granted Heddleston eighty days' jail-time credit. In April 1998, the common pleas court denied Heddleston's motion for correction of his jail-time credit.

{¶ 2} In June 1998, Heddleston filed a petition in the Court of Appeals for Madison County for a writ of habeas corpus to order his release from prison. Heddleston claimed that he was entitled to an earlier parole hearing because if he had been properly credited for his previous jail time, he would have already served his minimum sentence. Appellee, Heddleston's prison warden, filed a motion to dismiss. The court of appeals granted appellee's motion and dismissed Heddleston's petition.

————————————

*David A. Heddleston, Jr., pro se.*

*Betty D. Montgomery*, Attorney General, and *Diane Mallory*, Assistant Attorney General, for appellee.

————————————

*Per Curiam.*

{¶ 3} Heddleston asserts that the court of appeals erred in dismissing his habeas corpus petition. For the reasons that follow, however, Heddleston's contention lacks merit.

{¶ 4} First, Heddleston had adequate remedies by appeal or postconviction relief to review his claims of sentencing error, because these claims are not jurisdictional. *Smith v. Walker* (1998), 83 Ohio St.3d 431, 432, 700 N.E.2d 592, 592.

{¶ 5} Second, the fact that Heddleston may have already invoked an alternate remedy, *i.e., a* motion to correct jail-time credit, does not entitle him to extraordinary relief to relitigate the issue. *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463.

{¶ 6} Finally, habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully. *Morgan v. Ohio Adult Parole Auth.* (1994), 68 Ohio St.3d 344, 346, 626 N.E.2d 939, 941. Heddleston's maximum sentence has not expired. His claim is instead limited to earlier consideration of parole based on the alleged expiration of the minimum term of his sentence. But earlier consideration of parole is not tantamount to a legal right to release from prison. *State ex rel. Carrion v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 637, 637-638, 687 N.E.2d 759, 760; *State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas* (1997), 77 Ohio St.3d 269, 270, 673 N.E.2d 1299, 1300.

{¶ 7} Based on the foregoing, the court of appeals properly dismissed Heddleston's habeas corpus petition. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

January Term, 1998

_____