OPINION
Petitioner-appellant Donald Rust ("Rust") brings this appeal from the judgment of the Court of Common Pleas of Marion County dismissing his petition for habeas corpus relief.
On August 4, 1976, Rust was sentenced to 5-25 years in prison on a conviction of rape in Franklin County. On August 9, 1976, Rust was sentenced to 8-30 years in prison for a rape, theft, and escape convictions in Ashland County. These sentences were set to run concurrently, with the maximum sentence ending on November 4, 2005.
Rust was granted parole on May 12, 1982. On June 13, 1983, Rust was found to be a parole violator and returned to prison. On October 14, 1983, Rust was convicted for rape in Richland county and sentenced to 4-25 years in prison to run consecutive to the parole violations for an aggregate sentence of 12-55 years. Rust's maximum expiration date was September 11, 2030.
On June 18, 2001, the Richland County Court of Common Pleas entered anunc pro tunc entry modifying the original sentence on the rape charge to run concurrent to any other sentence. As a result, the Department of Rehabilitation and Correction recalculated Rust's maximum expiration date as November 4, 2005. The Bureau of Sentence Computation reviewed this calculation and determined a more accurate maximum expiration date to be June 11, 2008.
On June 3, 2001, Rust filed a petition for a writ of habeas corpus
claiming that he was entitled to immediate release from confinement. The basis for this claim was that Rust had earned "goodtime" which would reduce his sentence. Respondent-appellee Christine Money, Warden ("the State") filed a motion to dismiss the writ because Rust had not yet served his maximum sentence. The trial court granted the motion to dismiss on January 7, 2002. It is from this judgment that Rust appeals.
Rust raises the following assignment of error.
[Rust] contends the court below committed error granting [the State's]motion to dismiss premised on [Rust's] clear failure to appeal an ordermodifying his sentence wherein the judgment awarded entitlement to anygoodtime earned during the period of incarceration prior to themodification.
Rust's assignment of error is that he should be granted his writ ofhabeas corpus and be released from prison. Habeas corpus relief is available only when the petitioner's maximum sentence has expired and he is being held unlawfully. Heddleston v. Mack (1998), 84 Ohio St.3d 213,702 N.E.2d 1198.
Former R.C. 2967.19 et seq does not reduce the maximum term of hisindeterminate sentence, and these provisions consequently do not entitle[petitioner] to release from prison before he serves the maximum termprovided in his sentence. * * *
 At best, even if [petitioner] is entitled to goodtime credit, he wouldhave been entitled to earlier consideration of release on parole ratherthan outright release from prison.
Hanes v. Haviland (2001), 93 Ohio St.3d 465, 466, 755 N.E.2d 898. Since Rust has not yet served his maximum sentence, he is not entitled tohabeas corpus relief at this time. Thus, the trial court did not err in dismissing the petition.
The judgment of the Court of Common Pleas of Marion County is affirmed.
Judgment affirmed.
SHAW, P.J., and WALTERS, J., concur.