OPINION
{¶ 1} Plaintiff-appellant Carl Kinion appeals from an August 2, 2002, Judgment Entry of the Richland County Court of Common Pleas which denied Kinion's Petition for a Writ of Habeas Corpus.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 1982, plaintiff-appellant Carl Kinion [hereinafter appellant] was convicted of rape in the Wood County Court of Common Pleas, in violation of R.C. 2907.02(F1). As a result of a plea bargain agreement, appellant was sentenced to serve seven to 25 years of incarceration. Since that time, appellant has been denied parole. On April 24, 2002, appellant filed a Petition for a Writ of Habeas Corpus. At that time, appellant had served approximately 236 months, or over 19 years, of the sentence.
 {¶ 3} In the Petition for a Writ of Habeas Corpus, appellant sought his release from prison by arguing that Ohio law required the granting of goodtime. Appellant argued that once goodtime was considered, appellant had served his maximum sentence of 25 years.
 {¶ 4} By Judgment Entry filed August 2, 2002, the trial court overruled appellant's Petition for a Writ of Habeas Corpus. The trial court found that goodtime did not apply to or against the maximum term in an indeterminate sentence.
 {¶ 5} It is from the August 2, 2002, denial of his Petition for Habeas Corpus that appellant appeals, raising the following assignments of error:
 {¶ 6} "I. The trial court erred in failing to grant habeas when applicant has made a prima facie case for habeas.
 {¶ 7} "II. The trial court erred in failing to require respondents to rebut applicant's prima facie case by holding an evidentiary hearing to address the issues.
 {¶ 8} "III. The trial court erred in failing to grant habeas when it recognized that appellant was the victim of cruel and unusual punishment for having served twice the expected term expected by his sentencing judge.
 {¶ 9} "IV. The trial court erred in failing to find that applicant's sentence [sic] when the state commuted his sentence to 25 years by operation of it's power in the guise of the Ohio Adult Parole Authority.
 {¶ 10} "V. Once his sentence had been commuted into a definite sentence the trial court erred in failing to grant goodtime credit."
 I, IV V {¶ 11} We find that the first, fourth and fifth assignments of error are interrelated. In the first assignment of error, appellant argues that the trial court erred in failing to grant the Writ of Habeas Corpus. In the fourth assignment of error, appellant contends that the trial court specifically erred when it failed to find that the State, through the Ohio Adult Parole Authority, commuted appellant's sentence to a definite sentence of 25 years. In the fifth assignment of error, appellant concludes that the trial court erred in failing to grant the Writ for Habeas Corpus because once goodtime is applied to appellant's commuted, definite sentence of 25 years, appellant had served his entire sentence. We will address these three assignments of error together.
 {¶ 12} A writ of habeas corpus should not be issued if the petition for the writ fails to state with particularity the extraordinary circumstances entitling the petitioner to the writ. R.C. 2725.06; McBroomv. Russell (1996), 77 Ohio St.3d 47, 48, 671 N.E.2d 10, 11. Habeas corpus is only available when the petitioner's maximum sentence has expired.Heddleston v. Mack (1998), 84 Ohio St.3d 213, 702 N.E.2d 1198. In this case, appellant's Petition sought a Writ of Habeas Corpus based upon appellant's belief that he had served his maximum prison term because he was entitled to "goodtime" which would reduce his maximum sentence.
 {¶ 13} Appellant's arguments are based on former R.C. 2967.19. Revised Code 2967.19 stated the following: "Except as provided in division (F) of this section, a person confined in a state correctional institution is entitled to a deduction from his minimum or definite
sentence of thirty per cent of the sentence, prorated for each month of the sentence during which he faithfully has observed the rules of the institution. Any deduction earned under this division shall be credited to the person pursuant to division (E) of this section." (Emphasis added.) Thus, goodtime credits only reduce a prisoner's minimum or definite sentence.
 {¶ 14} Appellant contends that R.C. 2967.19 should apply because his indeterminate sentence was, commuted to a definite sentence of 25 years once the parole board denied his last opportunity for parole prior to the completion of his maximum term in prison. Appellant argues that once his sentence became a definite sentence, R.C. 2967.19 became applicable. We disagree.
 {¶ 15} The sentencing court sentenced appellant to an indeterminate sentence of seven to 25 years. The parole board cannot affect that sentence. The parole board can only determine how much of the indeterminate sentence appellant serves. Thus, the parole board did not commute appellant's indeterminate sentence to a definite sentence.
 {¶ 16} Therefore, since appellant was given an indeterminate sentence, appellant is not entitled to goodtime. Since appellant is not entitled to goodtime, it is uncontested that appellant has not served his maximum sentence yet. Since habeas corpus is only available when the petitioner's maximum sentence has expired, Heddleston v. Mack (1998),84 Ohio St.3d 213, 702 N.E.2d 1198, the trial court did not err when it denied appellant's Petition for a Writ of Habeas Corpus.
 {¶ 17} Appellant's first, fourth and fifth assignments of error are overruled.
 II {¶ 18} In the second assignment of error, appellant argues that the trial court erred when it failed to hold an evidentiary hearing. We disagree.
 {¶ 19} When a petition fails to state operative facts which warrant the issuance of a writ, there is no necessity for a hearing.Wright v. Morris (1994), Ross App. No. 93CA1955, 1994 WL 220455; SeeState ex rel. Richard v. Seidner, 76 Ohio St.3d 149, 1996-Ohio-54,666 N.E.2d 1134. Because we have found that appellant's Petition failed to warrant the issuance of a writ, the trial court did not err in failing to conduct an evidentiary hearing.
 {¶ 20} Appellant's second assignment of error is overruled.
 III {¶ 21} In the third assignment of error, appellant contends that the trial court erred when it failed to grant a Writ of Habeas Corpus when the trial court recognized that appellant was the victim of cruel and unusual punishment for having served twice the term expected by the sentencing judge. We disagree.
 {¶ 22} Appellant's argument is presumably based upon the following portion of the trial court's Judgment Entry:
 {¶ 23} "Petitioner does not make the point that his continued incarceration for a 1982 rape conviction may well amount to cruel and unusual punishment. Many persons who committed murder during the early 1980's and who received 15 years to life sentences have been released by the Ohio Parole Board, some of them as long ago as fifteen (15) years. If the records show that petitioner is a repeat rapist, he has no complaint whatsoever because the Ohio Parole Authority does not want to place itself at risk of being criticized or any portion of society at further risk. If petitioner has been convicted of one sex offense, rape or otherwise, he has now been incarcerated several times the length of any reasonable sentence completely beyond the expectations of the judge who sentenced him, the prosecutor who prosecuted him and the victim and family who suffered at his hands.
 {¶ 24} "Petitioner has now served twice as long as the maximum he could be sentenced for a first degree rape under Senate Bill II. This Court is not at liberty to amend sentences to make them make sense, but the Ohio Adult Parole Authority is. This Court is again asking the Adult Parole Authority to take into consideration the sentencing judge's intention, the intention of the prosecuting attorney and the expectations of the defendant and motion at the time of sentencing." Aug. 2, 2002, Judgment Entry.
 {¶ 25} Appellant contends that the trial court found appellant to be the victim of cruel and unusual punishment. However, appellant has misread the trial court's statement. The trial court does not make a finding that appellant's incarceration constitutes cruel and unusual punishment. Rather, the trial court explicitly notes that appellant has failed to make such an argument and expresses its opinion to the Adult Parole Authority regarding the amount of time inmates serve for pre-S.B. 2 offenses as compared to post-S.B. 2 offenses.
 {¶ 26} Appellant's third assignment of error is overruled.
 {¶ 27} The judgment of the Richland County Court of Common Pleas is affirmed.
By Edwards, J., Wise, P.J. and Boggins, J. concurs.
In Re: Writ of Habeas Corpus.