OPINION AND JOURNAL ENTRY
{¶ 1} Petitioner, Joseph R. Flora, has filed a petition for writ of habeas corpus with this Court. Petitioner asserts that he was convicted on three counts of assault in violation of R.C. § 2903.13, and was sentenced to serve three concurrent one-year prison terms for the convictions, for a total sentence of one year of actual incarceration. He was also sentenced to three years of post-release control. Petitioner alleges that he was not released from prison after one year, but rather, remained incarcerated for 25 months, ending sometime in June, 2000. Petitioner contends that these events transpired under Stark County Court of Common Pleas Case No. 1998CR0290.
 {¶ 2} Petitioner further alleges that he pleaded guilty to one count of felonious assault on November 13, 2001, and received a three-year prison sentence. This new case was designated as Stark County Court of Common Pleas Case No. 2001CF1362. Petitioner asserts that his release date was originally scheduled to be October 4, 2004. He contends that an additional year of incarceration was later added to his three-year prison term due to a post-release control violation that occurred under Case No. 1998CR0290.
 {¶ 3} As a result of these events, Petitioner believes that he cannot be held for any additional time due to the post-release control violation in Case. No. 1998CR0290. He conjectures that the extension of his prison term from 12 to 25 months in the earlier case also unlawfully extended his post-release probationary period. He theorizes that if he had been released from prison earlier in Case No. 1998CR0290, his post-release control period would have ended earlier and he would not have been subject to postrelease control restrictions when he committed the subsequent crime.
 {¶ 4} It is apparent from Petitioner's allegations and from the record that the basis of the one-year post-release control sanction was Petitioner's felony conviction in November of 2001 while still subject to post-release control in Case No. 1998CR0290.
 {¶ 5} On November 29, 2004, Respondent filed a motion for summary judgment, which includes arguments in the style of a Civ.R. 12 motion to dismiss for failure to state a congnizable claim and motion for judgment on the pleadings. Petitioner has not filed anything in rebuttal to Respondent's motion. We now sua sponte raise our own Civ.R. 12(B)(6) and 12(C) motions to dismiss the habeas petition for failure to state a claim for which relief can be granted and for judgment on the pleadings. SeeState ex rel. Kreps v. Christiansen (2000), 88 Ohio St.3d 313, 316,725 N.E.2d 663.
 {¶ 6} Petitioner has satisfied the requirements for filing a habeas petition as set forth in R.C. § 2725.04 and R.C. § 2969.25(A).
 {¶ 7} In order for a prisoner to be entitled to a writ of habeas corpus, he must be able to prove that he or she is being held by virtue of a judgment that was beyond the scope of the jurisdiction of the court that entered the judgment. R.C. § 2725.05; see Wireman v. Ohio AdultParole Auth. (1988), 38 Ohio St.3d 322, 528 N.E.2d 173. The writ must be denied where the inmate is not challenging the jurisdiction of the sentencing court. Id.
 {¶ 8} Respondent presents three arguments for dismissing this habeas petition. The first argument refers to facts and assertions outside of the pleadings and commitment papers, and is therefore outside the scope of consideration for Civ.R. 12(B) and 12(C) motions to dismiss. Respondent's second argument is that this Court cannot release Petitioner for errors which may have occurred in an earlier criminal proceeding when Petitioner has not alleged any errors arising out his current incarceration. According to Petitioner's own allegations, he was sentenced to a 12-month prison term and to 3 years of post-release control in Case. No. 1998CR0290. Petitioner's basis for relief appears to be that his period of incarceration and post-release control was improperly extended in Case No. 1998CR0290, and because of that extension, he continued to be subject to post-release control when he committed the crime that was the subject matter of Case No. 2001CF1362. This subsequent crime occurred prior to November 13, 2001, although the exact date is not apparent from the pleadings. It is clear from the pleadings that Petitioner was sentenced on May 13, 1998, in Case No. 1998CR0290. This means that Petitioner would have been subject to post-release control sanctions until May 13, 2002, if he had been incarcerated for the full 12 twelve months and beyond as he alleges. Thus, we agree with Respondent that Petitioner's own allegations contradict his claim that he should not have been subject to community control sanctions at the time he committed the crime involved in Case No. 2001CF1362.
 {¶ 9} Respondent's third argument is that Petitioner cannot obtain release from incarceration in Case No. 2001CF1362 when his allegedly improper incarceration was in Case No. 1998CR0290. Habeas corpus relief is only available when the petitioner is entitled to immediate release from present confinement. McConnaughy v. Doe (1963), 174 Ohio St., 533,534, 23 O.O.2d 178, 190 N.E.2d 576. Even if Petitioner's arguments had merit, he is attempting to obtain relief for being wrongly incarcerated in the earlier criminal proceedings. We agree with Respondent that an inmate cannot use habeas proceedings to obtain release from a current prison term for an alleged error committed in a prior and completely separate criminal proceeding.
 {¶ 10} Any non-jurisdictional errors in the trial court's imposition of additional prison time for violations of the terms of post-release control in Case No. 1998CR0290 could have been reviewed on direct appeal and such errors cannot be corrected in habeas proceedings. State v.Moyar, 3rd Dist. No. 2-03-37, 2004-Ohio-3017. While there are certain extraordinary circumstances in which habeas relief is appropriate, it is not appropriate where adequate legal remedies could have been pursued in direct appeal or post-conviction relief. State ex rel. Pirman v. Money
(1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26.
 {¶ 11} R.C. § 2929.141 makes it clear that a trial court may impose certain additional penalties during felony sentencing when the underlying crime also constitutes a violation of prior conditions of post-release control:
 {¶ 12} "(A) As used in this section, `person on release' means a `releasee' or `parolee,' both as defined in section 2967.01 of the Revised Code.
 {¶ 13} "(B) A person on release who by committing a felony violates any condition of parole, any post-release control sanction, or any conditions described in division (A) of section 2967.131 of the Revised Code that are imposed upon the person may be prosecuted for the new felony. Upon the person's conviction of or plea of guilty to the new felony, the court shall impose sentence for the new felony, the court may terminate the term of post-release control if the person is a releasee and the court may do either or both of the following for a person who is either a releasee or parolee regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on parole or is serving a term of post-release control:
 {¶ 14} "(1) In addition to any prison term for the new felony, impose a prison term for the violation. If the person is a releasee, the maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the releasee has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board or adult parole authority as a post-release control sanction. In all cases, a prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. If the person is a releasee, a prison term imposed for the violation, and a prison term imposed for the new felony, shall not count as, or be credited toward, the remaining period of post-release control imposed for the earlier felony.
 {¶ 15} "(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony."
 {¶ 16} Petitioner's filings reveal that the trial judge in Case No. 2001CF1362 imposed an additional one-year prison term because the felony conviction constituted a violation of post-release control conditions in Case No. 1998CR0290. Under R.C. § 2929.141, the trial court had jurisdiction to impose this additional sanction. Petitioner does not allege any facts that would have nullified or curtailed the application of R.C. § 2929.141. Thus, the petition for writ of habeas corpus, on its face, does not present a proper allegation that Petitioner is being held under the order of a court that had no jurisdiction to issue the order.
 {¶ 17} Based on the preceding analysis, we conclude that Petitioner has not presented us with a jurisdictional challenge of his present sentence. Therefore, relief in habeas corpus is not available. We hereby dismiss the petition for writ of habeas corpus.
 {¶ 18} Final order. Clerk to serve notice as provided by the Civil Rules.
Waite, J., concurs.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.