[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Fuller v. Eppinger,* Slip Opinion No. 2018-Ohio-2629.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2629

THE STATE EX REL. FULLER, APPELLANT, *v*. EPPINGER, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Fuller v. Eppinger,* Slip Opinion No. 2018-Ohio-2629.]

*Mandamus—Statute corrects minimum sentence imposed in excess of the statutory limit by operation of law—Court of appeals' dismissal of complaint affirmed.*

(No. 2017-1386—Submitted January 23, 2018—Decided July 10, 2018.)

APPEAL from the Court of Appeals for

Lorain County, No. 16CA010939.

_____

**Per Curiam.**

{¶ 1} Appellant, Michael Fuller, appeals the dismissal of his petition for a writ of habeas corpus that he filed against appellee, LaShann Eppinger, warden of the Grafton Correctional Institution, where Fuller is incarcerated.  We affirm.

*Background*

{¶ 2} In December 1990, Fuller was convicted of one count of robbery and two counts of aggravated burglary. The Cuyahoga County Court of Common Pleas sentenced Fuller to 3 to 15 years' imprisonment for the robbery and 5 to 25 years' imprisonment for the aggravated burglaries, all to be served concurrently. In October 1991, the trial court suspended Fuller's sentences and placed him on probation. While on probation, Fuller committed additional crimes. The trial court revoked his probation in 1992 and ordered the original sentence into execution.

{¶ 3} On June 8, 1992, Fuller was convicted of rape, aggravated burglary, felonious assault, and attempted felonious assault in Cuyahoga County Common Pleas Court. The court sentenced him to an indefinite aggregate prison sentence of 25 to 75 years.

{¶ 4} At the time of Fuller's convictions, the Ohio Revised Code placed a limit on consecutive indefinite terms of imprisonment:

> Consecutive terms of imprisonment imposed shall not exceed:
> * * *
> (2) An aggregate minimum term of fifteen years * * * when the consecutive terms imposed are for felonies other than aggravated murder or murder.

Former R.C. 2929.41(E), Am.Sub.S.B. No. 258, 143 Ohio Laws, Part I, 1308, 1440. In *State v. White*, 18 Ohio St.3d 340, 341, 481 N.E.2d 596 (1985), we held that the statute was self-executing and that therefore a minimum sentence imposed in excess of the statutory limit was not reversible error.

{¶ 5} On direct appeal from his 1992 convictions, Fuller challenged his 25-year minimum sentence as a violation of former R.C. 2929.41(E). The court of

appeals agreed, but citing *White*, held that there was no reversible error because "R.C. 2929.41(E)(3) [sic] is a self-executing statute which automatically limits the aggravated minimum term to fifteen years." *State v. Fuller*, 8th Dist. Cuyahoga. Nos. 63987 and 63988, 1993 WL 437596, *10 (Oct. 28, 1993).

{¶ 6} On April 8, 2016, Fuller filed a petition for a writ of habeas corpus in the Ninth District Court of Appeals, arguing that he was entitled to immediate release because his aggregate minimum sentence for his 1992 convictions exceeded the allowable limit under former R.C. 2929.41(E). Fuller and Eppinger both filed motions for summary judgment, and Eppinger filed a motion to dismiss. Eppinger's summary-judgment motion included a letter from the Department of Rehabilitation and Correction's Bureau of Sentence Computation, dated July 16, 2015, indicating that it had properly capped Fuller's aggregate minimum sentence at 15 years.

{¶ 7} On September 15, 2017, the Ninth District Court of Appeals granted Eppinger's motion to dismiss the complaint for failure to state a claim. Fuller appealed.

*Analysis*

{¶ 8} Habeas corpus is generally available only when the petitioner's *maximum* sentence has expired and he is being held unlawfully. *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998). An inmate is not entitled to a writ of habeas corpus upon completion of his *minimum* sentence. *State ex rel. Lockhart v. Sheldon*, 146 Ohio St.3d 468, 2016-Ohio-627, 58 N.E.3d 1124, ¶ 5. Fuller's entire argument appears to be based on a misunderstanding of the difference between an aggregate *minimum* sentence and an aggregate *maximum* sentence.

{¶ 9} Given that Fuller has not completed his aggregate maximum sentence, the court of appeals correctly dismissed his petition for failure to state a claim.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

DEGENARO, J., not participating.

———————————

Michael Fuller, pro se.

Michael DeWine, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.

———————————