[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Holman v. Collins*, Slip Opinion No. 2020-Ohio-874.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-874

THE STATE EX REL. HOLMAN, APPELLANT, *v.* COLLINS, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Holman v. Collins*, Slip Opinion No. 2020-Ohio-874.]

*Habeas corpus—Parole—Habeas corpus appropriate only if petitioner entitled to immediate release from confinement—Court of appeals' judgment granting summary judgment and dismissing petition affirmed.*

(No. 2019-1080—Submitted December 10, 2019—Decided March 12, 2020.)

APPEAL from the Court of Appeals for Pickaway County, No. 19CA11.

————————————

**Per Curiam.**

{¶ 1} Appellant, James M. Holman, appeals the judgment of the Fourth District Court of Appeals granting summary judgment to appellee, Emma Collins, warden of the Pickaway Correctional Institution, and dismissing Holman's complaint for a writ of habeas corpus. We affirm.

**Background**

{¶ 2} Holman is an inmate at the Pickaway Correctional Institution. According to the commitment papers attached to his complaint, in 1996, the Franklin County Court of Common Pleas convicted him of trafficking in marijuana. The court imposed an 18-month suspended prison sentence and placed Holman on probation for three years. In December 1998, the same court convicted Holman of murder with a firearm specification and of having weapons while under disability. The court imposed an aggregate sentence of 19 years to life in prison. The court also revoked Holman's probation from the 1996 case, reinstated the original 18-month prison sentence, and ordered that his 1998 sentence be served consecutively to the 1996 sentence. According to Holman, because he was sentenced to a total of 20 years and six months to life in prison, he was not eligible for parole consideration until March 2018.

{¶ 3} In August 2016, the Adult Parole Authority ("APA") denied Holman parole and continued his parole hearing until August 2024. In April 2019, Holman filed in the Fourth District a complaint for a writ of habeas corpus asking the court to order his release from prison. Holman alleged that the APA had exceeded its jurisdiction and violated the trial court's sentence by considering him for parole in August 2016 and moving his parole-consideration date from March 2018 to August 2024. Holman also alleged that because he had not been considered for parole since the completion of his sentence in March 2018, Warden Collins was unlawfully restraining him. The warden filed a motion for summary judgment, which the Fourth District granted. Holman appealed.

**Standard of Review**

{¶ 4} We review a summary-judgment decision denying a writ of habeas corpus de novo. *See State ex rel. Schafer v. Wainwright*, 156 Ohio St.3d 559, 2019-Ohio-1828, 130 N.E.3d 268, ¶ 7. "Summary judgment is appropriate when an examination of all relevant materials filed in the action reveals that 'there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12, quoting Civ.R. 56(C).

## Analysis

{¶ 5} "To be entitled to a writ of habeas corpus, a party must show that he is being unlawfully restrained of his liberty, R.C. 2725.01, and that he is entitled to immediate release from prison or confinement." *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10.

{¶ 6} The Fourth District granted summary judgment to the warden and dismissed Holman's complaint on the basis that he has no constitutional or statutory right to parole, his maximum sentence had not expired, and he did not challenge the trial court's authority to impose the sentence. In four overlapping propositions of law, Holman argues that the Fourth District erred because his sentence "expired" in March 2018 and the APA held a "void" parole-eligibility hearing in August 2016, which resulted in an unlawful extension of his sentence until 2024. Holman further argues that since the alleged expiration of his sentence in March 2018, the APA has failed to give him meaningful consideration for parole, resulting in his unlawful confinement.

{¶ 7} Holman's arguments, however, rest on his mistaken belief that his sentence "expired" upon the completion of his minimum sentence in March 2018. Habeas corpus "is generally available only when the petitioner's *maximum* sentence has expired and he is being held unlawfully." (Emphasis sic.) *State ex rel. Fuller v. Eppinger*, 153 Ohio St.3d 269, 2018-Ohio-2629, 104 N.E.3d 762, ¶ 7. "An inmate is not entitled to a writ of habeas corpus upon completion of his *minimum* sentence." (Emphasis sic.) *Id.*, citing *State ex rel. Lockhart v. Sheldon*, 146 Ohio St.3d 468, 2016-Ohio-627, 58 N.E.3d 1124, ¶ 5. As the Fourth District recognized, Holman's arguments ignore the fact that his maximum sentence is life imprisonment.

**{¶ 8}** In addition, "Ohio law gives a convicted inmate 'no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment.' " *State ex rel. Richard v. Mohr*, 135 Ohio St.3d 373, 2013-Ohio-1471, 987 N.E.2d 650, ¶ 5, quoting *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). And because Holman has no inherent right to parole, he also "has no similar right to earlier consideration of parole." *Ridenour v. Randle*, 96 Ohio St.3d 90, 2002-Ohio-3606, 771 N.E.2d 859, ¶ 8; *see also Mohr* at ¶ 5 (an inmate "has no concomitant right to a particular date for the consideration of parole, and a change in such dates is not a constitutional violation").

**{¶ 9}** Finally, even if Holman could establish that the APA should have held his parole hearing in March 2018, after the expiration of his minimum sentence, his eligibility for parole consideration does not mean that he is entitled to immediate release from prison. *See Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998) ("earlier consideration of parole is not tantamount to a legal right to release from prison"). "Habeas corpus is appropriate only if the petitioner is entitled to immediate release from prison." *State ex rel. Carrion v. Ohio Adult Parole Auth.*, 80 Ohio St.3d 637, 687 N.E.2d 759 (1998).

**{¶ 10}** For these reasons, the Fourth District correctly granted summary judgment to the warden and dismissed Holman's complaint for a writ of habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

James M. Holman, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

January Term, 2020

_____