[Cite as *Appenzeller v. Black*, 2024-Ohio-240.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

RUSSELL E. APPENZELLER

    Petitioner

-vs-

KENNETH BLACK, WARDEN

    Respondent

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Patricia A. Delaney, J.

Case No. 2023 CA 0067

O P I N I O N

CHARACTER OF PROCEEDINGS:    Writ of Habeas Corpus

JUDGMENT:    Dismissed

DATE OF JUDGMENT ENTRY:    January 23, 2024

APPEARANCES:

For Petitioner

RUSSELL E. APPENZELLER
#A514991
c/o Richland Correctional Institution
1001 Olivesburg Road
P.O. Box 8107
Mansfield, Ohio 44901-8107

For Respondent

DAVE YOST
Ohio Attorney General

WILLIAM H. LAMB
Assistant Attorney General
Criminal Justice Section
8040 Hosbrook Road, Suite #300
Cincinnati, Ohio 45236

*Hoffman, J.*

**{¶1}** On November 17, 2023, Russell E. Appenzeller filed a Petition for Writ of Habeas Corpus requesting a hearing before this Court, a determination on his detention and a discharge order from his detention. The Ohio Attorney General, on behalf of Respondent Kenneth Black, Warden, moved to dismiss Appenzeller's petition under Civ.R. 12(B)(6). For the reasons that follow, we grant Respondent's motion.

**Background**

**{¶2}** Petitioner does not provide a factual background regarding his case but instead states, in paragraph 2 of his petition:

**{¶3}** On November 1st, 2006, the Ohio Department of Rehabilitation and Correction (ODRC) "recommitted", me to the Department * * * pursuant to a Judgment in the Court of Common Pleas in Mahoning County, Ohio, entered on April 26, 2005; and pursuant to a Judgment in the Court of Common Pleas in Lake County, Ohio, entered on November 9th, 2006, which was redone over again on February 5th, 2009.

**{¶4}** (Emphasis sic.)

**{¶5}** Petitioner further indicates in paragraph 3 of his petition he is still confined in prison. The basis of his claim for immediate release from incarceration is the Lake County Common Pleas Court in case number 06CR000108, patently and unambiguously lacked jurisdiction to render the judgments because the court lacked jurisdiction over the state of Ohio and the subject matter of the action from the action's inception. Petitioner claims the state of Ohio was not a party to the action, therefore, the criminal action did not have an adversarial plaintiff party against him listed on the Lake County Clerk of

Court's criminal appearance docket. According to Petitioner, any pleadings filed against him, after the inception of the action, were therefore nullities.

**Analysis**

*Civ.R. 12(B)(6) standard and mandatory elements for habeas relief*

**{¶6}** The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10. If a petition does not satisfy the requirements for a properly filed petition for writ of habeas corpus or does not present a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the court. *Flora v. State*, 7th Dist. Belmont No. 04 BE 51, 2005-Ohio-2383, ¶ 5.

**{¶7}** "To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *State ex rel. Whitt v. Harris*, 157 Ohio St.3d 384, 2019-Ohio-4113, 137 N,E.3d 71, ¶ 6, citing R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. Habeas corpus is not available when an adequate remedy at law exists. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8.

*The state of Ohio was a party to the action against Petitioner.*

**{¶8}** Petitioner appears to maintain the state of Ohio was not a party plaintiff in the criminal proceedings against him. However, attached to his petition are Exhibits B and C. These exhibits are Judgment Entries of Sentence, from Lake County, each identifying the state of Ohio as Plaintiff. Further, a docket summary sheet from Lake County, identified as Exhibit D, also includes the state of Ohio in the caption of the case. Another docket summary sheet attached as Exhibit G has the case number redacted but also identifies the state of Ohio as Plaintiff.

**{¶9}** Based on these documents, we conclude the state of Ohio brought a criminal action against Petitioner and therefore, the sentencing Judgment Entries are not nullities.

*Petitioner is not entitled to immediate release.*

**{¶10}** Petitioner does not allege in his petition he has served his maximum sentence. In fact, the Department of Rehabilitation and Correction's website indicates Petitioner's release date is October 24, 2034. We are permitted to take judicial notice of the Ohio Department of Rehabilitation and Correction's website to determine if a defendant is incarcerated and his or her release date. *See State v. Baston*, 12th Dist. Clermont No. CA2019-12-100, 2021-Ohio-890, fn. 2. A petitioner is not entitled to habeas relief until he or she has served their maximum sentence. *See State ex rel. Holman v. Collins*, 159 Ohio St.3d 537, 2020-Ohio-874, 152 N.E.3d 238, ¶ 7 ("Habeas corpus 'is generally available only when the petitioner's *maximum* sentence has expired and he is being held unlawfully.' " (Emphasis sic.) Because Petitioner has not served his maximum sentence, he is not entitled to habeas relief.

*Petitioner had an adequate remedy at law.*

{¶11} Finally, we note Petitioner is not entitled to habeas relief because he had an adequate remedy at law by way of direct appeal. "A petitioner is not entitled to relief in habeas corpus for nonjurisdictional errors if he has or had an adequate remedy at law." *Handcock v. Shoop*, 156 Ohio St.3d 282, 2019-Ohio-718, 125 N.E.3d 872, ¶ 5, citing *State ex rel. Quillen v. Wainwright*, 152 Ohio St.3d 566, 2018-Ohio-922, 99 N.E.3d 360, ¶ 6.

{¶12} Here, Petitioner challenges the caption of the pleadings filed in the trial court. Petitioner could have raised this alleged error on direct appeal but failed to do so. If an issue raised in a petition for a writ of habeas corpus could have been raised on direct appeal or in a petition for post-conviction relief, the petition will be denied. *Perry v. Sloan,* 149 Ohio St.3d 690, 2017-Ohio-1404, 77 N.E.3d 942, ¶ 3-4.

{¶13} Therefore, Petitioner is not entitled to habeas relief because he had an adequate remedy at law.

**Conclusion**

{¶14} For the foregoing reasons, we grant Respondent's Motion to Dismiss. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

**{¶15}** RESPONDENT'S MOTION TO DISMISS IS GRANTED.

**{¶16}** CAUSE IS DISMISSED.

**{¶17}** COSTS TO PETITIONER.

**{¶18}** IT IS SO ORDERED.


By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur