[Cite as *Montanez v. May*, 2025-Ohio-229.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| SAMMY MONTANEZ #492-270 | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Petitioner | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| HAROLD MAY, WARDEN | : | Case No. 2024 CA 0096 |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Writ of Habeas Corpus



JUDGMENT:                              Dismissed



DATE OF JUDGMENT:                      January 25, 2025



APPEARANCES:

For Petitioner                                For Respondent

SAMMY MONTANEZ #492-270              DAVE YOST
Mansfield Correctional Institution        Ohio Attorney General
P.O. Box 788                            Jerri L. Fosnaught
Mansfield, OH  44901                    Assistant Attorney General
                                       Criminial Justice Section
                                       30 East Broad Street, 23rd Floor

*King, J.*

{¶ 1} On November 26, 2024, Petitioner Sammy Montanez filed a Petition for Writ of Habeas Corpus asserting that he is being illegally and unlawfully held by Respondent Harold May, Warden of the Mansfield Correctional Institution. The Ohio Attorney General, on behalf of Warden May moved to dismiss Montanez's petition under Civ.R. 12(B)(6). Montanez did not file a response to Warden May's motion.

{¶ 2} For the reasons that follow, we grant Warden May's motion.

## 1. Background

{¶ 3} Montanez is currently incarcerated under a Journal Entry issued by the Cuyahoga County Court of Common Pleas upon his convictions for murder and offenses against human corpse. He is also incarcerated under a Sentencing Entry, from the Richland County Court of Common Pleas, upon Montanez's conviction for attempted possession of a deadly weapon while under detention.

{¶ 4} In the Cuyahoga County case, the trial court sentenced Montanez, on September 14, 2005, to three years in prison for the firearm specification to run prior to and consecutively with the sentence of 15 years to life for the murder conviction. On October 24, 2014, Montanez was resentenced. However, the sentence remained a total indefinite sentence of 18 years to life in prison. In the Richland County case, on May 10, 2011, the trial court sentenced Montanez to two years in prison. This sentence was ordered to be served consecutively to the Cuyahoga County case.

{¶ 5} Montanez's parole eligibility date was June 25, 2024. The parole board conducted a hearing on May 29, 2024, and voted to continue Montanez's incarceration to May 1, 2034.

## II. Analysis

### A.  Habeas elements and Civ.R. 12(B) (6) standard

{¶ 6}　The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95 (1995). For a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 2008-Ohio-1443, ¶ 10. If a petition does not satisfy the requirements for a properly filed petition for writ of habeas corpus or does not present a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the court. *Flora v. State*, 2005-Ohio-2383, ¶ 5 (7th Dist.).

{¶ 7}　"To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *State ex rel. Whitt v. Harris*, 2019-Ohio-4113, ¶ 6, citing R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶10. Habeas corpus is not available when an adequate remedy at law exists. *Billiter v. Banks*, 2013-Ohio-1719, ¶ 8.

### B.  Montanez is not entitled to habeas relief because he has not served his maximum sentence.

{¶ 8}　Montanez sets forth several arguments in support of his petition. He claims the only journalized sentence he was serving expired; that neither of his sentences reflect a commitment of an indefinite term of 20 years to life; and that when his Richland County

case started it established the expiration of his Cuyahoga County conviction. Based on these arguments, Montanez requests immediate release from prison.

{¶ 9}   Recently, this Court stated in *Appenzeller v. Black*, 2024-Ohio-240, ¶ 10 (5th Dist.), "[a] petitioner is not entitled to habeas relief until he or she has served their maximum sentence." In *State ex rel. Holman v. Collins*, 2020-Ohio-874, ¶ 7, the Court explained, "[h]abeas corpus 'is generally available only when the petitioner's *maximum* sentence has expired and he is being held unlawfully.'" (Emphasis original), citing *State ex rel. Fuller v. Eppinger*, 2018-Ohio-2629, ¶ 7. Thus, "'an inmate is not entitled to a writ of habeas corpus upon completion of his *minimum* sentence.'" (Emphasis original), *id*., citing *State ex rel. Lockhart v. Sheldon*, 2016-Ohio-627, ¶ 5.

{¶ 10} Montanez has only served the minimum Cuyahoga County sentence. He has not served his maximum sentence, which is life in prison. In response to a kite dated April 3, 2024, and attached to Montanez's petition, it was explained to him that he was currently serving his sentence for the Richland County case and that would expire on June 25, 2024. Further, the Cuyahoga County case *minimum* sentence was served first, and the Richland County sentence was added on top of that. This correspondence makes clear Montanez has only served the minimum sentence for his Cuyahoga County case and not the maximum sentence. *See Peoples v. Bobby*, 2021-Ohio-3309, ¶ 16 (7th Dist.): "[H]abeas is only available as a remedy when the petitioner's maximum sentence has expired. Here, Petitioner's maximum sentence is life in prison. That sentence has yet to expire." (Citation omitted.)

### III. Conclusion

{¶ 11} For the foregoing reasons, we grant Warden May's Civ.R. 12(B)(6) motion and dismiss Montanez's Petition for Writ of Habeas Corpus.

{¶ 12} RESPONDENT'S MOTION TO DISMISS IS GRANTED.

{¶ 13} PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS IS DISMISSED.

{¶ 14} COSTS TO PETITIONER.

{¶ 15} IT IS SO ORDERED.


By Andrew J. King, J.

Baldwin, P.J. and

Hoffman, J. concur.