[Cite as *McDonald v. Stuff*, 2025-Ohio-448.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF:<br>   DEWITT MCDONALD | JUDGES:<br>Hon. Craig R. Baldwin, P.J.<br>Hon. William B. Hoffman, J. |
|    Petitioner | Hon. Andrew J. King, J. |
| -vs- | |
| WARDEN ANGELA STUFF | Case No. 2024 CA 0095 |
|    Respondent | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Writ of Habeas Corpus

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     February 10, 2025

APPEARANCES:

For Petitioner

DEWITT MCDONALD, A310-419
Richland Correctional Institution
1001 S. Olivesburg Road
Mansfield, Ohio 44905

For Respondent

DAVE YOST
Ohio Attorney General

JERRI L. FOSNAUGHT
Assistant Attorney General
Criminal Justice Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215

*Hoffman, J.*

{¶1} On November 25, 2024, Petitioner Dewitt McDonald filed a Petition for Writ of Habeas Corpus alleging the Ohio Adult Parole Authority ("APA") forfeited jurisdiction in this matter because it failed to timely consider and evaluate him for parole as required by law. The Ohio Attorney General, on behalf of Respondent, Warden Angela Stuff, filed a Motion to Dismiss, under Civ.R. 12(B)(6), on December 3, 2024. On January 22, 2025, McDonald filed a Motion in Opposition to Respondent's Motion to Dismiss.

{¶2} For the following reasons, we grant Warden Stuff's motion.

## Background

{¶3} McDonald is currently in the custody of Respondent Warden Stuff at the Richland County Correctional Institution. The Erie County Common Pleas Court sentenced McDonald to life imprisonment, without the possibility of parole for 20 years for convictions for complicity to commit aggravated murder with a firearm specification, complicity to commit murder with a firearm specification, complicity to commit improperly discharging a firearm into a habitation with a specification for harm and a firearm specification, complicity to commit attempted aggravated murder with a firearm specification, and complicity to commit felonious assault with a firearm specification.

{¶4} Approximately 25 years into his prison term, McDonald moved for judicial release under R.C. 2929.20. The state opposed the motion, in part, because the judicial-release statute did not apply to crimes committed before July 1996. A few months later, McDonald filed a second motion which he titled, "Motion to Clarify." The state opposed this motion too.

{¶5} The trial court addressed both motions concluding McDonald was not entitled to judicial release. However, the trial court agreed McDonald's sentencing entry

was ambiguous regarding when he became eligible for parole. The trial court deemed McDonald eligible for parole after 20 years in prison. The state appealed and the Sixth District Court of Appeals dismissed the appeal for lack of jurisdiction. *State of Ohio v. Dewitt McDonald*, Erie App. No. E-20-025 (May 18, 2021). The Ohio Supreme Court denied leave to appeal. *State v. McDonald*, 2021-Ohio-2923.

**{¶6}** On December 4, 2021, McDonald, through counsel, filed a habeas corpus petition in the Erie County Common Pleas Court. He argued his minimum term of incarceration had long since expired. McDonald also argued the Ohio Department of Rehabilitation and Corrections ("ODRC") was required to offer him a parole hearing no later than November 29, 2014, and he was being unlawfully restrained for a term of more than six and one-half years without access to parole. McDonald concluded because he had a right to parole the delay in providing him a parole hearing divested the parole board of jurisdiction. The trial court granted McDonald's writ.

**{¶7}** Subsequently, the Sixth District Court of Appeals issued an alternative writ, pursuant to the Ohio Attorney General's petition for writ of prohibition, and a limited remand in the State of Ohio's appeal. The trial court thereafter vacated its order granting McDonald's petition for writ of habeas corpus.

**{¶8}** On May 27, 2022, McDonald, through counsel, filed a petition for writ of habeas corpus in the Ohio Supreme Court. He argued his minimum incarceration had expired and the ODRC was lawfully required to offer him a parole hearing no later than November 29, 2014. McDonald claimed he had been unlawfully restrained for a term of more than six and one-half years without access to parole as is required by law. McDonald also argued the ODRC forfeited its jurisdiction through its willful failure to evaluate

McDonald for parole. The Supreme Court of Ohio dismissed McDonald's petition for failure to attach commitment papers as required by R.C. 2725.04(D). *See McDonald v. Black*, 2022-Ohio-3938.

**{¶9}** In September 2022, the Central Office Board Review conducted a hearing and recommended releasing McDonald on five years of parole supervision. After a full Parole Board hearing, the full board voted to continue McDonald for 36 months to his next hearing. In October 2023, McDonald filed a second habeas corpus petition in the Ohio Supreme Court. The Court sua sponte dismissed the petition. *McDonald v. Black*, 2023-Ohio-4640.

**{¶10}** On November 25, 2024, McDonald filed the present petition. Specifically, he maintains his minimum term of incarceration expired and ODRC was required to offer him a parole hearing no later than December 2011.[1] McDonald contends he has been lawfully restrained for a term of more than eight years without access to parole as required by law. McDonald asserts a right to parole as sentenced and any delay divests the parole board of jurisdiction. He analogizes the delay in holding the initial parole hearing to a delay in resentencing upon remand and cites R.C. 2725.01. Therefore, McDonald requests immediate release from incarceration.

## II. Analysis

*Habeas elements and Civ.R. 12(B) (6) standard*

**{¶11}** The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95 (1995). For a case to be dismissed for failure to state a claim, it must appear

---

[1] Without explanation, the date McDonald alleges he was entitled to his first parole hearing varies from December 2011 to November 29, 2014.

beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 2008-Ohio-1443, ¶ 10. If a petition does not satisfy the requirements for a properly filed petition for writ of habeas corpus or does not present a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the court. *Flora v. State*, 2005-Ohio-2383, ¶ 5 (7th Dist.).

**{¶12}** "To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *State ex rel. Whitt v. Harris*, 2019-Ohio-4113, ¶ 6, citing R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶10. Habeas corpus is not available when an adequate remedy at law exists. *Billiter v. Banks*, 2013-Ohio-1719, ¶ 8.

*McDonald has no due process right to a parole hearing.*

**{¶13}** McDonald contends his due process rights were violated because he was denied the right to a parole hearing for eight and one-half years. He claims he was eligible for a hearing in December 2011, and he never received one until September 29, 2022. McDonald contends this unreasonable delay effectively waives the APA's jurisdiction over him. We disagree.

**{¶14}** We find *State ex rel. Holman v. Collins*, 2020-Ohio-874 dispositive of this argument. In *Holman*, appellant received an aggregate prison term of 19 years to life. *Id.* at ¶ 2. The sentencing court also revoked appellant's probation from a 1996 case, reinstated the original 18-month prison sentence, and ordered his 1998 sentence be served consecutively to the 1996 sentence. *Id.* According to appellant, he received a

sentence of 20 years and six months to life in prison and was not eligible for parole consideration until March 2018. *Id.*

{¶15} However, the APA prematurely conducted a parole hearing in August 2016 and continued his parole hearing until August 2024. *Id.* at ¶ 3. Holman thereafter filed a writ of habeas corpus alleging the APA exceeded its jurisdiction and violated the trial court's sentence by prematurely considering him for parole in August 2016 and moving his parole-consideration date from March 2018 to August 2024. *Id.* Appellant also alleged because he had not been considered for parole since the completion of his sentence in March 2018, the warden was unlawfully restraining him. *Id.* The Fourth District Court of Appeals disagreed and granted the warden's summary judgment motion. *Id.*

{¶16} On appeal to the Ohio Supreme Court, appellant argued his sentence expired in March 2018 and the APA held a "void" parole-eligibility hearing in August 2016, resulting in an unlawful extension of his sentence until 2024. *Id.* at ¶ 6. Appellant also argued since the alleged expiration of his sentence in March 2018, the APA failed to give him meaningful consideration for parole, resulting in his unlawful confinement. *Id.*

{¶17} The Court rejected these arguments. The Court's basis for doing so is relevant to the argument McDonald presents here. First, the Court pointed out appellant had a mistaken belief his sentence "expired" upon the completion of his minimum sentence in March 2018. The Court explained:

> Habeas corpus "is generally available only when the petitioner's *maximum* sentence has expired and he is being held unlawfully." (Emphasis added.) *State ex rel. Fuller v. Eppinger*, 153 Ohio St.3d 269, 2018-Ohio-

2629, 104 N.E.3d 762, ¶ 7. "An inmate is not entitled to a writ of habeas corpus upon completion of his *minimum* sentence." (Emphasis sic.) *Id.*, citing *State ex rel. Lockhart v. Sheldon*, 146 Ohio St.3d 468, 2016-Ohio-627, 58 N.E.3d 1124, ¶ 5. As the Fourth District recognized, [appellant's] arguments ignore the fact that his maximum sentence is life imprisonment.

**{¶18}** *Holman* at ¶ 7.

**{¶19}** The *Holman* court explained, "Ohio law gives a convicted inmate 'no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment.'" *Id.*, citing *State ex rel. Richard v. Mohr*, 2013-Ohio-1471, ¶ 5, quoting *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). This Court recently reached the same conclusion in *Calo v. Black*, 2024-Ohio-329, (5th Dist.), where we explained, "Petitioners have no constitutional right to parole . . . As such, there is no constitutional or statutory right to earlier consideration of parole." (Citations omitted.), *Id.* at ¶ 10.

**{¶20}** Based on *Holman* and this Court's decision in *Calo*, we conclude McDonald was not denied due process when he did not receive a parole hearing for eight and one-half years after allegedly serving his minimum sentence. As explained above, the completion of a minimum sentence does not entitle a prisoner to parole. Rather, a valid sentence of imprisonment must be completed before a prisoner is entitled to a parole hearing. As with appellant in *Holman*, McDonald ignores the fact he received a life sentence, and he has no entitlement to parole prior to the expiration of that sentence. *See also Montanez v. May*, 2025-Ohio-229, ¶ 9 (5th Dist.) ("Recently, this Court stated in

*Appenzeller v. Black*, 2024-Ohio-240, ¶ 10 (5th Dist.), "[a] petitioner is not entitled to habeas relief until he or she has served their maximum sentence.")

**{¶21}** Further, because McDonald has no inherent right to parole, he also has no similar right to earlier consideration of parole. *Holman* at ¶ 8, citing *Ridenour v. Randle*, 2002-Ohio-3606, ¶ 8. *See also Mohr* at ¶ 5 (an inmate "has no concomitant right to a particular date for the consideration of parole, and a change in such dates is not a constitutional violation.")

**{¶22}** McDonald attempts to circumvent this point of law by arguing his maximum sentence of life imprisonment "does not engage until or unless [he] is first timely released, reserving the 'life' maximum sentence to be used as the authority to 'return to confinement those unable or unwilling to readjust satisfactorily to supervision.'" Petition for Writ of Habeas Corpus, p. 8. McDonald cites AR 5120:1-1-02(D) and *Inmates Orient Correctional Institute v. Ohio State Adult Parole Authority*, 929 F.2d 233, 237, at headnotes 7-9 for this proposition.[2] Neither cited authority supports this argument.

**{¶23}** McDonald also analogizes a delay in parole proceedings to a delay in resentencing. He cites *State v. Smith*, 2011-Ohio-3786 (10th Dist.). We find *Smith* distinguishable. First, *Smith* addresses the issue of timeliness of resentencing and not parole. Second, and most importantly, in *Smith* the delay in resentencing caused Smith to serve more than six and one-half years in prison when he was only sentenced to a five-year prison term. *Id.* at ¶ 20. The court of appeals found Smith suffered prejudice because he served more than a year and one-half in prison beyond his maximum sentence. *Id.*

---

[2] We believe "AR" is a reference to the Ohio Administrative Code. This section of the O.A.C. addresses supervision fees. Further, the *Inmates Orient Correctional Institute* case does not contain headnotes 7 through 9.

**{¶24}** In the present matter, we are not addressing a delay in resentencing. Further, McDonald has not served time beyond his maximum sentence, which is life in prison. Finally, even if McDonald could establish the APA should have held his parole hearing in March 2018, after the expiration of his minimum sentence, his eligibility for parole consideration does not mean he is entitled to immediate release from prison. *See Heddleston v. Mack*, 84 Ohio St.3d 213, 214 (1998) ("[E]arlier consideration of parole is not tantamount to a legal right to release from prison.") "Habeas corpus is appropriate only if the petitioner is entitled to immediate release from prison." *State ex rel. Carrion v. Ohio Adult Parole Auth.*, 80 Ohio St.3d 637, 687 (1998).

**{¶25}** Therefore, even if McDonald received a delayed parole hearing this would not entitle him to immediate release because he has not served his maximum sentence of life in prison.

## Conclusion

**{¶26}** For the foregoing reasons, we grant Respondent Warden Stuff's Motion to Dismiss under Civ.R. 12(B)(6). Petitioner cannot state a claim for habeas relief. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

**{¶27}** RESPONDENT'S MOTION TO DISMISS GRANTED.

**{¶28}** CAUSE DISMISSED.

**{¶29}** COSTS TO PETITIONER.

**{¶30}** IT IS SO ORDERED.

By: Hoffman, J.

Baldwin, P.J.

King, J.  concur