[Cite as *State v. Midlam*, 2012-Ohio-6299.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA2 |
| | : | |
| vs. | : | **RELEASED 12/28/12** |
| | : | |
| COLE MIDLAM, | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Carol Ann Curren, and Conrad A. Curren, Greenfield, Ohio, for Appellant.

Anneka P. Collins, Highland County Prosecutor, Hillsboro, Ohio, for Appellee.
_____

McFarland, J.:

{¶1} This is an appeal from a Highland County Court of Common Pleas judgment entry sentencing Appellant, Cole Midlam, to a five year prison term for aggravated robbery, which was ordered to be served consecutively to prison terms Appellant was already serving for other convictions. On appeal, Appellant raises a single assignment of error, contending that the trial court erred to his detriment when the sentence was ordered to be served consecutive to sentences for the same crime in other jurisdictions. However, in light of our determination that the sentence imposed by the trial court was not contrary to law and was not an abuse

of discretion, we reject Appellant's sole assignment of error.  Accordingly, the decision of the trial court is affirmed.

## FACTS

{¶2} Appellant was indicted for aggravated robbery, a first degree felony, of a Rite-Aid drug store in Hillsboro, Ohio, that occurred on May 16, 2010.  This aggravated robbery was one of several aggravated robberies that Appellant committed throughout various Ohio counties, including Montgomery and Greene counties, and also in the state of Indiana, in order to support his addiction to Oxycontin.

{¶3} The record reveals that Appellant pled guilty to the aggravated robberies in the other jurisdictions and was sentenced to ten year concurrent terms of imprisonment on each of those convictions.  After pleading guilty to the aggravated robberies in the other jurisdictions, Appellant eventually pled guilty to the aggravated robbery of the Hillsboro Rite-Aid as well, in exchange for the dismissal of the gun specification.  As a result, Appellant was sentenced on February 3, 2012.  The trial court sentenced Appellant to a five year prison term, to be served consecutively to the ten year sentences he was already concurrently serving on his other aggravated robbery convictions.  It is from this conviction and sentence that Appellant now brings his timely appeal, setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I. THE TRIAL COURT ERRED TO THE DETRIMENT OF THE DEFENDANT WHEN THE SENTENCE WAS ORDERED CONSECUTIVE TO SENTENCES FOR THE SAME CRIME IN OTHER JURISDICTIONS."

LEGAL ANALYSIS

{¶4} In his first assignment of error, Appellant contends that the trial court erred to his prejudice when the sentence imposed was ordered to be served consecutively to sentences imposed for the same crime in other jurisdictions. Specifically, Appellant argues that the trial court erroneously stated that the offense was part of an organized criminal activity, and that the trial court failed to make the necessary findings before imposing consecutive sentences, as required under the recently enacted H.B. No. 86, as codified in R.C. 2929.14(C)(4), which became effective September 30, 2011. The State responds by arguing that the trial court properly considered the required statutory sentencing factors when it imposed a five year consecutive sentence that was not otherwise contrary to law.

{¶5} This Court has been employing a two-step approach to review felony sentences. "First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4.

{¶6} We have previously reasoned that, in analyzing whether a sentence is contrary to law, " '[t]he only specific guideline is that the sentence must be within the statutory range [.]' " *State v. Hines*, 4th Dist. No. 09CA36, 2010-Ohio-2749, ¶ 7; quoting *State v. Ross*, 4th Dist. No. 08CA872, 2009-Ohio-877, ¶ 10. Accord *State v. Slagle*, 4th Dist. Nos. 10CA4 & 10CA5, 2011-Ohio-1463, ¶ 9, overruled in part on other grounds; *State v. Pierce*, 4th Dist. No. 10CA10, 2011-Ohio-5353, ¶ 10, FN. 2. Additionally, courts must consider the general guidance factors set forth in R.C. 2929.11 and 2929.12. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42; *Kalish* at ¶ 13.

{¶7} However, as set forth above, the General Assembly recently enacted H.B. 86, effective September 30, 2011, which amends R.C. 2929.14 and requires fact finding for consecutive sentences. *State v. Anderson*, 4th Dist. No. 10CA4, 2012-Ohio-3245, ¶41; *State v. Terrell*, 4th Dist. No. 10CA39, 2012-Ohio-1926, ¶ 12. We find that this amendment applies to Appellant, who was sentenced on February 3, 2012, after the effective date of H.B. 86.

{¶8} Here, Appellant does not argue that his five year sentence was outside of the statutory range. Instead, he argues that the trial court erred in ordering that the sentence be served consecutively to other sentences he was serving for similar offenses committed in other jurisdictions. It appears that this question is one of first impression in our district, to the extent that it involves analysis and application

of the recently enacted H.B. 86.  Thus, we look to other districts within our state

for guidance, and in an effort to maintain consistency.

**{¶9}** The First District has noted that as a result of H.B. 86's recent

enactment, we now have another consideration when determining whether

consecutive sentences imposed by a trial court are contrary to law.  *State v.*

*Alexander*, 1st Dist. Nos. C-110828, C-110829, 2012-Ohio-3349, ¶ 13.  For

example, in *Alexander*, the court reasoned as follows at ¶ 13-14:

> The General Assembly has "revived the requirement that trial courts
>
> make findings before imposing consecutive sentences in R.C.
>
> 2929.14(C)." *State v. Jones,* 1st Dist. No. C-110603, 2012-Ohio-2075,
>
> ¶ 17; *see also State v. Hites,* 3rd Dist. No. 6-11-07, 2012-Ohio-1892, ¶
>
> 11; *State v. Bonner,* 8th Dist. No. 97747, 2012-Ohio-2931, ¶ 5 ("The
>
> revisions * * * now require a trial court to make specific findings
>
> when imposing consecutive sentences."); *State v. Sullivan,* 10th Dist.
>
> No. 11AP-414, 2012-Ohio-2737, ¶ 24.  Our determination of whether
>
> a trial court has adhered to the applicable requirements of R.C.
>
> 2929.14(C)(4) in imposing consecutive sentences is also subject to
>
> review under the first prong of *Kalish* and under R.C. 2953.08(G)(2).
>
> *See Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶
>
> 14.

H.B. No 86 amended subsection (E)(4) of R.C. 2929.14 [now subsection (C)(4) ], effective September 30, 2011, which is applicable herein, and states as follows:

(C)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of

the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Thus, as explained by the *Alexander* court at ¶ 15, "R.C. 2929.14(C)(4) now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences." Further, "[i]n each step of this analysis, the statutory language directs that the trial court must 'find' the relevant sentencing factors before imposing consecutive sentences. R.C. 2929 .14(C)(4)" *Alexander* at ¶ 16.

{¶10} In *Alexander*, the court noted with approval the trial court's use of a "sentencing-findings worksheet," to ensure that it had adhered to the sentencing requirements, and also to ensure meaningful review of the trial court's sentencing decisions." Id. at ¶ 17. Here, the trial court used a sentencing worksheet, much like in *Alexander*. A review of the trial court's judgment entry indicates that it made the necessary findings under R.C. 2929.14(C)(4) for imposition of consecutive sentences. Specifically, the trial court found that consecutive sentences were necessary "to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct * * *." The trial court further found that "[a]t least two

of the multiple offenses were committed as part of one or more courses of conduct

* * *[,]" and that "[t]he offender's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future crime by the

offender."

{¶11} Appellant claims that the record does not support these findings, and

further, that the trial court was required to state reasons in support of its findings.

Based upon the following reasoning of the Eighth District, we disagree.

> Under prior case law, construing the pre- *Foster* version of R.C.
>
> 2929.14(C), and R.C. 2929.19(B), the trial court was also required to
>
> "make a finding that gives its reasons for selecting a consecutive
>
> sentence." *See State v. Comer,* 99 Ohio St.3d 463, 2003-Ohio-4165,
>
> 793 N.E.2d 473. The present version of R.C. 2929.14(C) simply
>
> requires findings from the court but does not include the requirement
>
> that the court state on the record the findings that give reasons for the
>
> sentence. *Compare* current versions of R.C. 2929.14(C)(4) with the
>
> current version of R.C. 2929 .14(B)(2)(e) and the current version of
>
> R.C. 2929.19.  *State v. Parrish*, 8th Dist. No. 97482, 2012-Ohio-3153,
>
> FN. 1

{¶12} Further, a review of the record reveals that as a result of Appellant's drug

addiction he committed a string of armed robberies of several different pharmacies

throughout Ohio and into Indiana. At the time Appellant was sentenced herein, he had already been convicted in those other jurisdictions and was already serving concurrent prison terms imposed in those other jurisdictions. Thus, the trial court's findings regarding the multiple offenses being part of a course of conduct that caused great and unusual harm are supported by the record. Further, the trial court's finding that the offender's criminal history demonstrated the need for consecutive sentences also finds support in the record in that at the time Appellant was sentenced herein, he already had multiple other, albeit related, convictions and was serving time in prison. As such, we reject Appellant's argument that the trial court failed to make the findings necessary under recently revised R.C. 2929.14(C)(4), or that those findings are not supported by the record. Accordingly, we cannot conclude that the consecutive sentence imposed by the trial court was contrary to law.

{¶13} In addition to these arguments, however, Appellant also contends that the trial court's finding that "the offender committed the offense for hire or as part of an organized criminal activity" was in error. This finding was made by the trial court as part of its consideration of R.C. 2929.11 and 2929.12, which simply must be considered during the sentencing process. *State v. Alexander* at ¶24. "Unlike R.C. 2929.14(C), [these statutes] do not require the trial court to 'use specific language or make specific findings on the record in order to evince the requisite

consideration of the applicable seriousness and recidivism factors." Id. (internal citations omitted). Thus, the trial court was not required to set forth or even address the specific factors it found applicable sub judice. However, we find that the trial court's finding that Appellant committed the offense as part of an organized criminal activity does have some support in the record.

{¶14} During the sentencing hearing, the trial court stated that it found "pursuant to Section 2929.12(B) that factors indicating offenders conduct is more serious than conduct normally constituting the offense is that, uh, Defendant committed this apparently as part of a crime spree, or uh, organized criminal activity in the sense that he was committing a repeated number of offenses in a short period of time." "A trial court is not limited to the specific factors listed in R.C. 2929.12, as the statute itself allows the trial court to consider 'any other factors that are relevant to achieving the purposes and principles of sentencing.' " *State v. Irwin,* 7th Dist. No. 11CO7, 2012-Ohio-2720, ¶ 11; citing R.C. 2929.12(A). Admittedly, the trial court's finding in this regard may have been more appropriately labeled as "any other relevant factor" rather than as "part of an organized criminal activity;" however, we find that the trial court explained its findings in detail during the sentencing hearing and that these findings are supported by the record.

{¶15} Here, we find the trial court's decision to order Appellant's five year sentence for aggravated robbery to be served  consecutively to sentences already imposed by other jurisdictions for additional aggravated robberies, all committed as part of the same crime spree, was not contrary to law.  Accordingly, we find no abuse of discretion on the part of the trial court and therefore we overrule Appellant's sole assignment of error.  As Such, the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

Kline, J., concurring.

{¶16} I respectfully concur in judgment only.  Here, I agree that the trial court complied with R.C. 2929.14(C)(4).  I also agree that Midlam's sentence is not contrary to law.  However, unlike the principal opinion, I would review Midlam's sentence under both prongs of the *Kalish* test.

{¶17} R.C. 2929.14(C)(4) states that a trial court "*may* require the offender to serve the prison terms consecutively if the court [makes the necessary findings]."  (Emphasis added.)  "The use of the word 'may' indicates a court has discretion to take a given action."  *Wells Fargo Bank v. Rajaie*, 5th Dist. No. 09-CAE-03-0027, 2010-Ohio-2546, ¶ 6; *see also Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus.  Therefore, even though the trial court made the necessary findings under R.C.

2929.14(C)(4), the court still had the discretion to impose a concurrent prison term upon Midlam. The principal opinion, however, does not account for this discretion. Instead, the principal opinion finds no abuse of discretion simply because the trial court complied with R.C. 2929.14(C)(4). In other words, the principal opinion makes both of the *Kalish* findings while analyzing just one prong of the *Kalish* test. I cannot agree with this approach.

{¶18} In conclusion, I agree that the trial court did not abuse its discretion. But I would make this finding under the second prong of the *Kalish* test. As a result, I respectfully concur in judgment only.

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J.: Concurs in Judgment Only.
Kline, J.: Concurs in Judgment Only with Opinion.

For the Court,

BY: _____
         Matthew W. McFarland, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**