[Cite as *State v. Eleyet*, 2018-Ohio-4879.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-1 |
| | : | |
| v. | : | Trial Court Case Nos. 2017-CRB-2781 |
| | : | 2017-CRB-2785 |
| MICHAEL D. ELEYET | : | 2017-CRB-2787 |
| | : | 2017-CRB-2808 |
| Defendant-Appellant | : | |
| | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of December, 2018.

. . . . . . . . . .

LENEE BROSH, Atty. Reg. No. 0075642 and JARED B. CHAMBERLAIN, Atty. Reg. No. 0090785, Miami County Municipal Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

SCOTT N. BLAUVELT, Atty. Reg. No. 0068177, 315 S. Monument Avenue, Hamilton, Ohio 45011
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Michael D. Eleyet appeals from his conviction and sentence following guilty pleas in four consolidated misdemeanor cases.

{¶ 2} In his sole assignment of error, Eleyet contends the trial court erred in calculating jail-time credit at sentencing and in overruling a motion to correct jail-time credit.

{¶ 3} Eleyet asserts that he was ordered to serve an aggregate jail term of 330 days. He admits, however, that he now has served his sentence and has been released from confinement. He recognizes this court's case law holding that a challenge to jail-time credit is moot once a defendant has served his sentence, even if a stay was requested and denied. The reason is simple—we cannot restore to a defendant any time that he improperly spent in jail. *State v. MacConnell*, 2d Dist. Montgomery No. 25437, 2013-Ohio-4947, ¶ 9; *see also State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, 859 N.E.2d 928, ¶ 6 (finding a jail-time-credit appeal moot where the defendant had been released from confinement).

{¶ 4} We note that whether an appeal is moot after a sentence has been served has been treated differently depending on the circumstances. In *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, the Ohio Supreme Court departed from previous holdings that a misdemeanant's appeal is moot when sentence has been served and fine and costs voluntarily paid. Instead, the *Lewis* court held that "completion of a sentence is not voluntary and will not make an appeal moot if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the

judgment of conviction, and that there is subject matter for the appellate court to decide." *Id.* at paragraph one of the syllabus. Critical to the *Lewis* holding, however, was the determination that Lewis was challenging the finding of guilt itself, not just the sentence. "[T]he appellate court could have provided redress of his claim that he had been wrongfully convicted, notwithstanding the completion of the sentence." *Id.* at ¶ 24. We contrast *Lewis* with *MacConnell*, where we found the appeal moot when all three of appellant's assignments of error were directed to his completed jail sentence, not to the conviction. Although we did not refer to *Lewis,* we noted that under the circumstances we had "no ability to provide MacConnell any meaningful remedy on appeal." *Id.* at ¶ 9. The case here involves only an issue of jail time credit related to a completed sentence. Therefore we believe that the *MacConnell* case applies rather than *Lewis*.

{¶ 5} Notwithstanding the foregoing authority, Eleyet cites *State v. Quinteros*, 5th Dist. Holmes No. 17CA002, 2017-Ohio-8825. In that case, the Fifth District addressed a jail-time issue "in the interest of justice" despite recognizing that the issue was moot. *Id.* at ¶ 9. More recently, however, the same court in *State v. Lucas*, 5th Dist. Guernsey No. 18 CA 10, 2018-Ohio-3227, declined to address a jail-time issue, reiterating "that an appeal of a jail-time credit denial is moot where the defendant-appellant has completed his prison sentence." *Id.* at ¶ 9-11 (citing prior Fifth District cases).

{¶ 6} Upon review, we decline to follow the Fifth District's approach in *Quinteros*. We are unpersuaded that the "interest of justice" favors resolution of an issue where there is no remedy we can provide even if the appellant's argument is correct. Consistent with precedent from this court, the Ohio Supreme Court, and the Fifth District itself, we dismiss Eleyet's appeal as moot.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J, concur.


Copies sent to:

Lenee Brosh
Jared B. Chamberlain
Scott N. Blauvelt
Hon. Gary A. Nasal