[Cite as *State v. Midlam*, 2021-Ohio-1607.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-44 |
| | : | |
| v. | : | Trial Court Case No. 2010-CR-305 |
| | : | |
| COLE MIDLAM | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of May, 2021.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

COLE MIDLAM, #A706-027, P.O. Box 69, London, Ohio 43140
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Cole Midlam appeals from a judgment of the Greene County Court of Common Pleas, which denied his motion for additional jail-time credit. For the following reasons, Midlam's appeal will be dismissed as moot.

## I. Facts and Procedural History

{¶ 2} Between January and May 2010, Midlam committed aggravated robberies at five Ohio pharmacies: three in Montgomery County (January 22, May 20, May 25), one in Greene County (May 2), and one in Highland County (May 16). During the robbery in this case, Midlam entered a CVS Pharmacy in Beavercreek, Ohio, proceeded to the pharmacy area, displayed a semi-automatic handgun, and demanded Oxycontin. Midlam received 1,200 Oxycontin pills, apologized, and left. Midlam later admitted to the aggravated robbery.

{¶ 3} On May 28, 2010, Greendale police officers in Dearborn County, Indiana, received a dispatch to be on the lookout for a vehicle that had been involved in several armed robberies of pharmacies in Montgomery County, Ohio. The dispatch further indicated that there was an arrest warrant for Midlam related to those robberies. The Greendale police officers observed and approached Midlam at a gas station. Officers located numerous pills, money, syringes, and other drug paraphernalia on Midlam's person and in his vehicle, and he was arrested on drug possession charges.

{¶ 4} Midlam remained in custody throughout the pendency of his cases in Ohio and Indiana.

{¶ 5} On June 11, 2010, while Midlam was being held in Indiana, Midlam was indicted in Greene County on one count of aggravated robbery, a felony of the first

degree, with a firearm specification.

{¶ 6} On June 28, 2010, Midlam was admitted into the Dearborn County Jail Chemical Addictions Program (JCAP). Midlam states, and the Dearborn County online docket confirms, that he was sentenced in his Dearborn County case on March 1, 2011. The record reflects that the Dearborn County court imposed ten years in prison, but with good time credit, the sentence was expected to be reduced to four years. *See Indiana v. Midlam*, Dearborn Case No. 15C01-1006-FB-000009.

{¶ 7} On June 10, 2011, a year after Midlam's indictment in this case, the Greene County prosecutor filed Form VIII, Interstate Agreement on Detainers (codified in Ohio at R.C. 2963.30 et seq.), which indicated that the following arrangements had been made: "It is our understanding that Montgomery County will take custody of Cole Midlam first. Following their prosecution, Cole Midlam will be transported to Greene County for prosecution and then to Highland County for their prosecution. Upon completion of all Ohio cases defendant will be returned to Indiana by Montgomery County."

{¶ 8} In July 2011, Midlam was transferred to the Montgomery County Jail, and on July 18, 2011, he was served with the Greene County indictment. On August 30, 2011, Midlam was convicted of three counts of aggravated robbery in Montgomery County and sentenced to ten years in prison, to be served concurrently with his Dearborn County sentence. *See State v. Midlam*, Montgomery C.P. No. 2010-CR-1691.

{¶ 9} On December 6, 2011, Midlam pled guilty to the aggravated robbery in Greene County and agreed to pay $7,304.92 in restitution. In exchange for the plea, the State agreed to dismiss the firearm specification. Immediately following the plea hearing, the trial court imposed an agreed sentence of a mandatory nine years in prison,

to be served concurrently with his ten-year sentences in Montgomery County, Ohio, and Dearborn County, Indiana. The trial court found that, at the time of sentencing, Midlam was entitled to 93 days of jail-time credit, plus credit for future days while awaiting transport to prison. The court also ordered him to pay the agreed restitution and court costs. At the time of his plea and sentencing, Midlam still faced a similar charge in Highland County.

{¶ 10} On February 3, 2012, Midlam was convicted of aggravated robbery in Highland County and received a five-year sentence, to be served consecutively to his sentences in his other cases. The Montgomery County Sheriff's Office returned Midlam to Indiana to complete his Indiana sentence following his conviction in Highland County.

{¶ 11} On May 22, 2014, the trial court in this case found that Midlam had completed his sentence in Indiana, and it ordered that Midlam be remanded into the custody of the Greene County Sheriff's Office for transportation to prison in Ohio to serve the remainder of his Greene County sentence. Midlam was transported to prison in Ohio on May 28, 2014.

{¶ 12} On May 6, 2020, Midlam filed a motion for jail-time credit. He stated that he had received 996 days of jail-time credit – 903 days (the date of his conviction until May 27, 2014) plus 93 days previously granted. He argued, however, that he should have received 1,461 days, representing the period between his arrest on May 28, 2010 and May 27, 2014, when he was released on the Indiana charges. Midlam supported his motion with four attachments: (1) the probable cause affidavit for Midlam's arrest in Indiana, based on his possession of drugs; (2) correspondence to Midlam from the Ohio Bureau of Sentence Computation, stating his dates of incarceration in Indiana and the

sentence in Highland County; (3) a printout from the Ohio Department of Rehabilitation and Correction (ODRC), showing Midlam's sentences in Montgomery, Greene, and Highland Counties, the jail-time credit he received, and his anticipated release date; and (4) correspondence from Dearborn County JCAP regarding Midlam's participation in the program.

{¶ 13} The State opposed Midlam's motion for additional jail-time credit.   It argued that he was not entitled to jail-time credit for time served in another state on an unrelated offense.

{¶ 14} The trial court denied Midlam's motion.   The court explained: "The jail time credit sought by Midlam was for time spent incarcerated in the State of Indiana.   The Court finds the Indiana incarceration arose out of a set of facts separate and apart from Midlam's Greene County conviction and sentence.   Therefore, Midlam's Motion for Jail Time Credit is hereby DENIED."

{¶ 15} Midlam appeals from the trial court's judgment.   His sole assignment of error claims that the trial court erred in denying his motion for additional jail-time credit. In this case, we need not reach the merits of Midlam's claim, because he has completely served his Greene County sentence and that sentence has no bearing on his ultimate release date from prison.

{¶ 16} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect."   *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970); *State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 8. "Under the mootness doctrine, American courts will not decide cases in which there is no

longer an actual legal controversy between the parties." *Id.*, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37.

**{¶ 17}** In general, once an offender completes his prison sentence, any alleged error regarding the calculation of jail-time credit becomes moot, because no actual controversy remains to be litigated and there is no available remedy to be granted. *E.g., State v. Pack*, 2d Dist. Montgomery No. 28460, 2020-Ohio-5211, ¶ 6, citing *State v. Eleyet*, 2018-Ohio-4879, 125 N.E.3d 380, ¶ 3 (2d Dist.); *State v. Robinson*, 2d Dist. Montgomery Nos. 26712, 26713, 2016-Ohio-3277, ¶ 4.

**{¶ 18}** According to the record before us, Midlam was admitted to prison in Ohio on May 28, 2014, and he was given 993 days of credit toward his nine-year mandatory sentence in his Greene County case. Even without the additional jail-time credit that Midlam requests, he completed his sentence in this case on or about September 1, 2020.

**{¶ 19}** We recognize that Midlam remains incarcerated, and the ODRC website shows an expected release date of September 19, 2025. It appears that Midlam is currently serving his Highland County sentence, which was run consecutively to his other sentences. On the record before us, a grant of additional jail-time credit in this Greene County case would not affect Midlam's release date. Midlam was serving a ten-year sentence from Montgomery County concurrently with his Greene County case, and even accounting for the 1,293 days of credit he received toward his Montgomery County sentence, it appears that Midlam completed his Montgomery County sentence after his Greene County sentence. Accordingly, Midlam's request for additional jail-time credit in this case is moot.

**{¶ 20}** Midlam's assignment of error is overruled.

## III. Conclusion

**{¶ 21}** The appeal will be dismissed as moot.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Marcy A. Vonderwell
Cole Midlam
Successor to Hon. Stephen Wolaver