[Cite as *State v. Sizemore*, 2021-Ohio-4159.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28817 |
| | : | |
| v. | : | Trial Court Case No. 2020-CRB-1147 |
| | : | |
| DANIEL SIZEMORE | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of November, 2021.

. . . . . . . . . . .

STEPHANIE COOK, Atty. Reg. No. 0067101 and ANDREW SEXTON, Atty. Reg. No. 0070892, City of Dayton Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
    Attorneys for Plaintiff-Appellee

JOHN C. CUNNINGHAM, Atty. Reg. No. 0082475, 1500 Yankee Park Place, Dayton, Ohio 45458
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, Daniel Sizemore, appeals from his conviction for violation of a protection order in contravention of R.C. 2919.27(A)(2). Appointed appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating he could find no arguably meritorious issues for appellate review. Counsel also requests permission to withdraw as Sizemore's attorney. After an independent review of the record, we agree with counsel's assessment. As such, Sizemore's conviction will be affirmed.

### Facts and Procedural History

{¶ 2} On March 23, 2020, the Montgomery County Common Pleas Court issued an ex parte civil stalking protection order (protection order) under R.C. 2903.214 based upon a petition filed by Brittany Neal. The protection order included Marilyn Prater as a protected person. Among other things, the protection order ordered Sizemore not to come within 500 feet of any protected person. The protection order stated that it was "in full force and effect" until September 23, 2020. Sizemore was personally served with the protection order on March 23, 2020.[1]

{¶ 3} On April 1, 2020, Dayton Police Officers Vince Gallagher and Robert Christoffers were dispatched to a home on Bolton Avenue on a complaint that Sizemore was violating the protection order. When the officers arrived at the Bolton Avenue home, they came into contact with Prater, who informed the officers that Sizemore was upstairs

---

[1] The ex parte protection order provided Sizemore with notice that a "Full Hearing" would be held on March 26, 2020, but Sizemore did not attend the hearing. The protection order issued after the hearing contained terms identical to the pertinent terms of the ex parte order.

in a bedroom. The officers ascended the stairs and made contact with Sizemore, resulting in his arrest. During the encounter, the officers discovered a copy of the protection order in the bedroom that Sizemore had occupied. Thereafter, a criminal complaint was filed against Sizemore charging him with violation of a protection order under R.C. 2919.27(A)(2), a first degree misdemeanor.

{¶ 4} The case proceeded to a bench trial. Officers Gallagher and Christoffers testified to their contact with and arrest of Sizemore. Christoffers testified that Sizemore, after his arrest, admitted that he had been served with the protection order. In addition to the officers' testimony, the State offered the admission of Exhibit 1, a certified copy of the protection order, and Exhibit 2, a certified copy of the return of service indicating that Sizemore was personally served with the protection order on March 23, 2021. The trial court admitted both documents over Sizemore's objections.

{¶ 5} After the State rested, Sizemore made a Crim.R. 29 motion for acquittal, which was overruled by the trial court. Sizemore then testified that, before the issuance of the protection order, he had rented a bedroom at the Bolton Avenue home. Sizemore also testified that, because the protection order did not require him to move from the Bolton Avenue home, he had believed he had a right to remain at the home. According to Sizemore, his right to remain at the Bolton Avenue home was conveyed to him by the Montgomery County Sheriff's deputy who served him with the protection order. Sizemore further testified that, nonetheless, he had been staying at a hotel and had been at the Bolton Avenue residence only to retrieve a few remaining personal belongings.

{¶ 6} The trial court did not find Sizemore's testimony concerning the purported conversation with the Montgomery County Sheriff's deputy credible, and it found

Sizemore guilty. Following the completion of a presentence investigation report, Sizemore was sentenced to 180 days in the Montgomery County Jail, with credit for 15 days he had served before the trial; the remaining 165 days of his sentence were suspended. Sizemore was also sentenced to a one year term of probation, a $150 fine was imposed, and court costs were assessed. Trial counsel requested a stay of the sentence, which was denied.[2] This appeal followed, with counsel filing an *Anders* brief, as discussed above. We informed Sizemore of his right to file a pro se brief, but such a brief has not been filed.

### *Anders* Standard

{¶ 7} When counsel files an *Anders* brief, an appellate court must determine, "after a full examination of the proceedings," whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous simply because the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue is one about which "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find any issue that is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant-appellant.

### *Anders* Analysis

{¶ 8} Counsel has not articulated any potential assignments of error, but we have

---

[2] Since Sizemore was sentenced, he has completed the one year probation period and paid the fine and court costs. As a result, the municipal court case is closed.

conducted an independent review of the record. This review was limited to the propriety of the conviction because, as noted, Sizemore has completed his jail sentence and probation and the fine and court costs have been paid, resulting in the trial court case being closed. Given this, there is no appellate relief regarding the sentence which may be granted, rendering any appeal related to the sentence moot. *State v. Eleyet*, 2018-Ohio-4879, 125 N.E.3d 380 (2d Dist.).

{¶ 9} We have considered whether the trial court's admission of the protection order (Exhibit 1) and the return of service (Exhibit 2) constitutes a potentially meritorious appellate issue. We conclude the trial court's admission of these documents does not present a potentially meritorious appellate issue.

{¶ 10} In reaching this conclusion, we have considered Evid.R. 803(8) and Evid.R. 902(1) and (4). Evid.R. 803(8) provides in pertinent part that "records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency * * * are not excluded from admission by the hearsay rule, even though the declarant is available as a witness." The protection order and the return of service set forth the activities of public agencies, respectively the Montgomery County Common Pleas Court and the Montgomery County Sheriff's Office. As such, the exhibits were not inadmissible upon the basis of hearsay, and it would be frivolous to argue otherwise.

{¶ 11} Evid.R. 902 states in relevant part as follows:

Extrinsic evidence of authenticity as a condition precedent to admissibility

is not required with respect to the following:

(1)     Domestic public documents under seal. A document bearing a seal

purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

* * *

(4)    Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio.

* * *

Both exhibits in question here bear the seal of the State of Ohio, were filed with the Montgomery County Clerk of Courts, and were certified by a Deputy of the Montgomery County Clerk of Courts.   Since the required formalities were met, the exhibits were admissible without further authorization, and any argument to the contrary would be frivolous.

{¶ 12} We have also considered whether there is a potentially meritorious appellate argument that the trial court's verdict was not supported by sufficient evidence or that the verdict was against the manifest weight of the evidence.   We conclude that an argument attacking either the sufficiency or weight of the evidence would be frivolous.

{¶ 13} "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law."  *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).  We apply the test from *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), which states that:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus.

{¶ 14} When reviewing a weight of the evidence challenge, a court reviews "the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.   The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."  *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 15} Further, while "sufficiency and manifest weight are different legal concepts,

manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency." *State v. McCrary*, 10th Dist. Franklin No. 10AP-881, 2011-Ohio-3161, ¶ 11. *Accord State v. Robinson*, 2d Dist. Montgomery No. 26441, 2015-Ohio-1167, ¶ 17. Accordingly, "a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." *State v. Braxton*, 10th Dist. Franklin No. 04AP-725, 2005-Ohio-2198, ¶ 15.

{¶ 16} Additionally, "[b]ecause the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997). "The fact that the evidence is subject to different interpretations does not render the conviction against the manifest weight of the evidence." *State v. Adams*, 2d Dist. Greene Nos. 2013-CA-61 and 2013-CA-62, 2014-Ohio-3432, ¶ 24.

{¶ 17} R.C. 2919.27(A)(2) states, in pertinent part, that "no person shall recklessly violate * * * a protection order issued pursuant to * * * [R.C.] 2903.214." When the evidence is viewed in the light most favorable to the prosecution, Sizemore was served with the protection order, the protection order was issued under R.C. 2903.214, the protection order prohibited Sizemore from being within 500 feet of Prater, and, when he was arrested, Sizemore was within 500 feet of Prater. Given this evidence, it would be

frivolous to assert that Sizemore's conviction was not based upon sufficient evidence.

**{¶ 18}** Moreover, given the evidence, as detailed above, the trial court reasonably concluded that Sizemore's testimony, which was offered in an attempt to contest the reckless element, was not credible. Any argument attacking the verdict upon the weight of the evidence would have no potential appellate merit.

**{¶ 19}** In short, we conclude that any argument attacking Sizemore's conviction would be frivolous.

## Conclusion

**{¶ 20}** Any argument regarding Sizemore's sentence would be moot, and we have concluded that any argument attacking his conviction is without potential appellate merit. Thus, counsel is granted permission to withdraw, and the judgment of the Dayton Municipal Court is affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Stephanie Cook
Andrew Sexton
John C. Cunningham
Hon. Christopher D. Roberts