[Cite as *Midlam v. Demartino*, 2024-Ohio-2301.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

COLE MIDLAM,                                          :

    Appellant,                                    :              CASE NO. CA2023-12-018

    - vs -                                        :              O P I N I O N
                                                                6/17/2024
                                                  :

MICHAEL DEMARTINO, WARDEN,                            :

    Appellee.                                     :


CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CVH20230189


Cole Midlam, pro se.

David A. Yost, Ohio Attorney General, and William H. Lamb, Assistant Attorney General, for appellee.


**HENDRICKSON, J.**

{¶ 1} Appellant, Cole Midlam, appeals the denial of his petition for a writ of habeas corpus in the Madison County Court of Common Pleas. For the reasons discussed below, we affirm the trial court's decision.

### I. Factual and Procedural Background

{¶ 2} In 2010, Midlam committed a series of aggravated robberies in Montgomery

County and Greene County, Ohio, as well as in the state of Indiana. On May 16, 2010, Midlam was indicted for an additional aggravated robbery of a Rite-Aid drug store in Hillsboro, Highland County, Ohio. After pleading guilty in the other jurisdictions, Midlam pled guilty to aggravated robbery in the Highland County Court of Common Pleas and was sentenced to a five-year prison term, ordered to be served consecutively to the prison terms he had already received, for an aggregate sentence of fifteen years in prison.

{¶ 3} Midlam is presently incarcerated at the London Correctional Institution in Madison County, Ohio. On October 24, 2023, Midlam filed a petition for a writ of habeas corpus in the Madison County Court of Common Pleas. On November 14, 2023, the respondent, Warden Michael DeMartino, filed a motion to dismiss the petition pursuant to Civ.R. 12(B)(6), arguing that Midlam had failed to state a claim upon which relief could be granted. On November 22, 2023, the Madison County Court of Common Pleas granted DeMartino's motion to dismiss, finding that Midlam's prison term had not yet expired and many of the claims Midlam raised in his petition had already been raised by Midlam in previous appeals, therefore Midlam's claims were barred by res judicata.

{¶ 4} Midlam now appeals, raising six assignments of error for our review.

## II. Legal Analysis

{¶ 5} For ease of discussion, we will address certain assignments of error together.

{¶ 6} Assignment of Error No. 1:

THE HABEAS COURT ERRED WHEN IT DISMISSED AND DENIED RELIEF FOR THE PETITION FOR HABEAS CORPUS AS PERTAINS TO ISSUE #1-DENIAL OF JUDICIAL RELEASE.

{¶ 7} In his first assignment of error, Midlam argues that the Madison County Court of Common pleas should have granted his habeas petition because the Highland

County Court of Common Pleas erred when it denied his motion for judicial release with prejudice on August 11, 2022. Midlam argues there is no other remedy because the denial of a motion for judicial release is ordinarily not a final appealable order. *See State v. Midlam*, 4th Dist. Highland No. 22CA7, 2023-Ohio-62 (dismissing Midlam's appeal because the denial of judicial release is not a final appealable order). Therefore, Midlam asserts that he is entitled to immediate release through a writ of habeas corpus. We disagree.

**{¶ 8}** A writ of habeas corpus is an extraordinary remedy available only in cases "where there is an unlawful restraint of a person's liberty and no adequate remedy at law." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 8. To be entitled to a writ of habeas corpus, the petitioner must establish that he is unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. R.C. 2725.01; *McKinney v. Haviland*, 162 Ohio St.3d 150, 2020-Ohio- 4785; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184. Unless a trial court's judgment is void for lack of jurisdiction, habeas corpus is not available when the petitioner has an adequate remedy in the ordinary course of law. *State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, ¶ 8; *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 1998-Ohio- 320.

**{¶ 9}** Here, according to the ODRC website, Midlam has an expected release date of August 9, 2025.[1] He is not entitled to be released earlier. As the Ohio Supreme Court has explained, "Habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully." (Citation omitted.) *State ex rel. Fuller v. Eppinger*, 153 Ohio St.3d 269, 2018-Ohio-2629, ¶ 8. Further, "Ohio

---

1. This court has previously determined that we may take judicial notice of the Ohio Department of Rehabilitation and Correction's website to determine if a defendant is incarcerated and his or her date of release. *State v. Williams*, 12th Dist. Butler Nos. CA2018-01-012 and CA2018-01-013, 2018-Ohio-3989, ¶ 12, fn.1. The results of this court's search of the ODRC website can be found at https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A706027 (last accessed June 3, 2024).

law gives a convicted inmate 'no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment.'" *State ex rel. Richard v. Mohr*, 135 Ohio St.3d 373, 2013-Ohio-1471, ¶ 5, quoting *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). Midlam is not entitled to have the denial of his previous motion for judicial release reviewed through a habeas petition.

{¶ 10} Midlam's first assignment of error is overruled.

{¶ 11} Assignment of Error No. 2:

THE HABEAS COURT ERRED WHEN IT DISMISSED AND DENIED RELIEF FOR THE PETITION FOR HABEAS CORPUS AS PERTAINS TO ISSUE #2-SERIOUSNESS FINDINGS USED TO JUSTIFY CONSECUTIVE SENTENCING.

{¶ 12} Assignment of Error No. 4:

THE HABEAS COURT ERRED WHEN IT DISMISSED AND DENIED RELIEF FOR THE PETITION FOR HABEAS CORPUS AS PERTAINS TO ISSUE #4-EVIDENCE PROVIDED TO THE COURT THAT A FAKE PLASTIC TOY GUN WAS USED IN THE ROBBERIES, WHICH IS ALSO DIRECTLY RELATED TO THE "SERIOUSNESS" OF THE CRIME.

{¶ 13} In his second and fourth assignments of error, Midlam argues that the Highland County Court of Common Pleas erred when it ordered his sentence to be served consecutively to his other offenses because it did not properly weigh the sentencing factors set forth in R.C. 2929.14, 2929.11, or 2929.12. Midlam further argues that the trial court improperly equated his use of a plastic toy gun in the robbery to the use of a real gun when it weighed the seriousness of the crime and determined his sentence. Nevertheless, Midlam already challenged the imposition of his consecutive sentence on direct appeal. *See State v. Midlam*, 4th Dist. Highland No. 12CA2, 2012-Ohio-6299. A petitioner "may not use habeas corpus to gain successive appellate reviews of the same issue." *State ex rel. Rash*

*v. Jackson*, 102 Ohio St. 3d 145, 2004-Ohio-2053, ¶ 12 (holding that prisoner could not raise in habeas corpus a claim that was already raised in his direct appeal). Therefore, the Madison County Court of Common Pleas did not err when it denied these claims as barred by res judicata.

**{¶ 14}** Midlam's second and fourth assignments of error are overruled.

**{¶ 15}** Assignment of Error No. 3:

THE HABEAS COURT ERRED WHEN IT DISMISSED AND DENIED RELIEF FOR THE PETITION FOR HABEAS CORPUS AS PERTAINS TO ISSUE #3-OUTDATE BEING CHANGED AND OUTDATE IS INCORRECT. DRC HAS ERRED IN ITS CALCULATION OF OUTDATE.

**{¶ 16}** Assignment of Error No. 5:

THE HABEAS COURT ERRED WHEN IT DISMISSED AND DENIED RELIEF FOR THE PETITION FOR HABEAS CORPUS AS PERTAINS TO ISSUE #5-DENIAL OF EQUAL PROTECTION AND EQUAL DUE PROCESS.

**{¶ 17}** In Midlam's third and fifth assignments of error, Midlam argues that jail-time credit was not properly calculated by ODRC and ODRC failed to take into account jail-time credit received from prison time served in Indiana. Midlam further argues that he was denied equal protection and equal due process when the Madison County Court of Common Pleas determined this issue had already been raised on appeal. Nevertheless, the calculation of Midlam's jail-time credit was addressed in two of his previous appeals, *State v. Midlam*, 2d Dist. Greene No. 2020-CA-44, 2021-Ohio-1607; and *State v. Midlam*, 2d Dist. Montgomery No. 28960, 2021-Ohio-1608. Res judicata bars Midlam from raising the issue again. *Jackson*, 2004-Ohio-2053 at ¶ 12.

**{¶ 18}** Midlam's third and fifth assignments of error are overruled.

**{¶ 19}** Assignment of Error No. 6:

THE HABEAS COURT ERRED WHEN IT SUMMARILY GRANTED THE RESPONDENT'S MOTION TO DISMISS BEFORE GIVING PLAINTIFF A CHANCE TO RESPOND.

**{¶ 20}** In his sixth assignment of error, Midlam argues the Madison County Court of Common Pleas erred when it summarily granted DeMartino's motion to dismiss his habeas petition before giving him a chance to respond. DeMartino filed his motion to dismiss on November 14, 2023 and the trial court granted the motion on November 22, 2023. However, "R.C. Chapter 2725, * * * which prescribes a basic, summary procedure for instituting habeas corpus actions, does not require service of the petition before dismissal if the petition does not contain a facially valid claim." *State ex rel. Crigger v. Ohio Adult Parole Auth.*, 82 Ohio St.3d 270, 271 (1998) (finding no error where the lower court granted the parole authority's motion to dismiss without affording the petitioner the opportunity to respond). Since Midlam's petition was not facially valid, and the court of common pleas could have dismissed it immediately sua sponte, there was no prejudice in not considering Midlam's response to the motion to dismiss. *Id.*

**{¶ 21}** Midlam's sixth assignment of error is overruled.

### III. Conclusion

**{¶ 22}** Habeas corpus is not a forum to relitigate issues already raised in previous appeals and therefore Midlam is not entitled to a writ of habeas corpus.

**{¶ 23}** Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.