[Cite as *State v. Kanniah*, 2025-Ohio-2480.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

SHANICE S. KANNIAH

    Appellant

C.A. No.    2024CA0096-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    2024CR0082

DECISION AND JOURNAL ENTRY

Dated: July 14, 2025

SUTTON, Judge.

{¶1}    Shanice Kanniah appeals an order of the Medina County Court of Common Pleas. For the following reasons, this Court affirms.

I.

**Relevant Background**

{¶2}    Ms. Kanniah was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1)/(D)(1)(a), a felony of the second degree. At arraignment, Ms. Kanniah entered a plea of not guilty to this charge. Ms. Kanniah changed her plea to guilty to an amended charge of assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree. The trial court accepted Ms. Kanniah's guilty plea on the amended charge of assault and found her guilty of that offense. In spite of a joint recommendation with the State for probation, the trial court sentenced Ms. Kanniah to 180-days in jail because she had been violating the terms of her bond by living with the victim.

Further, the trial court determined Ms. Kanniah is indigent and waived "[a]ll costs of prosecution, court appointed counsel costs, fines and [] supervision fees[.]"

{¶3} Ms. Kanniah filed a motion for delayed appeal which this Court granted. Ms. Kanniah raises two assignments of error for our review.

## II.

### <u>ASSIGNMENT OF ERROR I</u>

**THE TRIAL COURT COMMITTED A REVERSIBLE ERROR BY ACCEPTING MS. KANNIAH'S PLEA IN VIOLATION OF CRIM.R.11 AND R.C. 2943.031.**

{¶4} In her first assignment of error, Ms. Kanniah argues the trial court erred in accepting her guilty plea in violation of Crim.R. 11 and R.C. 2943.031. Specifically, pursuant to R.C. 2943.031(A), Ms. Kanniah argues the trial court erred in not advising she had additional time to consult with an attorney after providing the verbatim warning regarding the possible consequences of a plea to a non-United States citizen. In her brief, Ms. Kanniah makes only one reference to Crim.R. 11(C), which pertains to felony plea of guilty or no contest. Ms. Kanniah, however, plead guilty to a misdemeanor. Ms. Kanniah does not make any additional Crim.R. 11 arguments, pertaining to misdemeanors or otherwise, in this assignment of error. *See State v. Franks*, 2017-Ohio-7045, ¶ 16 (9th Dist.) ("Where an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for [her]."). As such, this Court will now address Ms. Kanniah's argument regarding R.C. 2943.031(A).

{¶5} R.C. 2943.031(A) states:

Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the

defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

"If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

Upon request of the defendant, the court shall allow [her] additional time to consider the appropriateness of the plea in light of the advisement described in this division.

In *State v. Francis*, 2004-Ohio-6894, ¶ 20, the Supreme Court of Ohio explained:

By the unambiguous terms of R.C. 2943.031, a trial court accepting a guilty or no-contest plea from a defendant who is not a citizen of the United States must give verbatim the warning set forth in R.C. 2943.031(A), informing the defendant that conviction of the offense for which the plea is entered "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

{¶6}     Prior to accepting Ms. Kanniah's guilty plea, a colloquy occurred between the trial court and Ms. Kanniah, the relevant portions of which are set forth below:

THE COURT:  It is my understanding that today you're going to withdraw your previously entered plea of not guilty and tender a plea of guilty to the indictment; is that correct?

MS. KANNIAH: Yes.

. . .

THE COURT:  In order to do that, we need to have a dialogue to confirm that you are making a knowing, intelligent and voluntary decision to change your plea, with an understanding of the constitutional rights that you will be waiving in the process, okay?

MS. KANNIAH:  Yes.

. . .

THE COURT:  Are you a United States citizen?

MS. KANNIAH:  No.

. . .

THE COURT:  Okay.  *I must notify you that if you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty may have the consequences of deportation, exclusion from admission to the United States or denial of naturalization pursuant to the laws of the United States.*

Do you understand that?

MS. KANNIAH:  Yes.

THE COURT:  With this knowledge, do you still wish to go forward?

MS. KANNIAH:  Yes.

THE COURT:  Do you read and understand the English language?

MS. KANNIAH:  Yes.

. . .

THE COURT:  Have you had ample opportunity to discuss the facts of this matter as well as the potential penalties with Attorney Hess?

MS. KANNIAH:  Yes.

THE COURT:  Are you satisfied with the quality of the legal representation you've received in this matter?

MS. KANNIAH:  Yes.

THE COURT:  Then it is my understanding that you're going to withdraw your previously entered plea of not guilty and tender a plea of guilty to the amended indictment which states that on or about the 29th day of October 2023, in Medina County, Ohio, you did knowingly cause physical harm to [the victim], this being a misdemeanor of the first degree.

Do you understand the nature of the charge set forth again you in the indictment?

MS. KANNIAH:  Yes.

THE COURT:  What do you think it says you did wrong?

MS. KANNIAH:  I assaulted someone.

THE COURT:  Do you understand that a plea of guilty is a complete admission of your guilt to the charge as set forth in the indictment?

MS. KANNIAH:  Yes.

THE COURT:  Do you understand upon pleading guilty, the Court can immediately proceed to find you guilty and upon finding you guilty, the Court could immediately choose to impose sentence?

MS. KANNIAH:  Yes.

THE COURT:  Do you understand the Court is not bound by any sentencing agreement which may have been reached between the State of Ohio and Attorney Hess on your behalf?

MS. KANNIAH:  Yes.

THE COURT:  Do you understand this misdemeanor of the first degree carries a potential penalty of up to 180 days in the Medina County Jail and a possible fine of $1,000?

MS. KANNIAH:  Yes.

. . .

THE COURT:  Do you understand that by entering a plea of guilty, you will be waiving important constitutional rights, including, the right to a trial by jury of 12 persons which would require a unanimous verdict, the right to have your attorney cross-examine witnesses who would appear to testify against you, your right to have subpoenas issued to have witnesses brought to court to testify on your behalf, your right not to testify against yourself, your right not to have your silence used against you to prove your guilt, your right to require the State of Ohio to prove the charges against you beyond a reasonable doubt, and your right to appeal your conviction in this matter?

. . .

MS. KANNIAH: Yes.

THE COURT:  Then with this knowledge, what plea do you enter today to the amended indictment for one count of assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree?

. . .

MS. KANNIAH:  Guilty.

(Emphasis added.)

{¶7}    Here, the record indicates the trial court gave the verbatim warning provided in R.C. 2943.031(A) to Ms. Kanniah prior to accepting her plea of guilty.  Further, after giving the

warning, the trial court asked Ms. Kanniah if, with the knowledge provided, she still wished to proceed. Ms. Kanniah indicated "yes[,]" she wanted to move forward with the plea. The trial court also asked Ms. Kanniah if she "had ample opportunity to discuss the facts of this matter as well as the potential penalties" with her attorney. Ms. Kanniah again answered "yes." In spite of Ms. Kanniah's argument otherwise, the plain language of R.C. 2943.031(A) does not require the trial court to specifically offer a defendant more time to speak with an attorney. Instead, the plain language of R.C. 2943.031(A) indicates, "[u]pon request of the defendant, the court shall allow [her] additional time to consider the appropriateness of the plea in light of the advisement described in this division."

{¶8} Indeed, the record reflects the trial court queried Ms. Kanniah if she still wished to move forward with the plea and if she had ample opportunity to discuss this matter with her attorney. Ms. Kanniah answered both questions in the affirmative. Based upon the foregoing, we cannot say the trial court erred in accepting Ms. Kanniah's plea of guilty in this matter.

{¶9} Accordingly, Ms. Kanniah's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM JAIL SENTENCE WHEN SENTENCING MS. KANNIAH.**

{¶10} In her second assignment of error, Ms. Kanniah argues the trial court erred in sentencing her to the maximum jail-term of 180 days for her misdemeanor assault conviction. In its brief, the State indicates Ms. Kanniah has served her full jail sentence and, as such, this assignment of error is moot.

{¶11} We note, Ms. Kanniah is only challenging her maximum sentence in this assignment of error, and not her conviction. Ms. Kanniah plead guilty to the amended assault charge and, although her attorney orally asked for a stay of her sentence in the trial court, Ms.

Kanniah did not seek a stay of her sentence with this Court. Thus, because Ms. Kanniah has served her full jail sentence, and this Court cannot offer Ms. Kanniah any meaningful remedy on appeal even if her argument is correct, this assignment of error is moot. Indeed, we cannot restore to Ms. Kanniah any time that she may have improperly spent in jail. *See State v. Eleyet*, 2018-Ohio-4879, ¶ 3 (2d Dist.); *but see Cleveland Hts. v. Lewis*, 2011-Ohio-2673, syllabus ("The completion of a sentence is not voluntary and will not make an appeal moot if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide.").

{¶12}   Accordingly, Ms. Kanniah's second assignment of error is moot.

### III.

{¶13}   Ms. Kanniah's first assignment of error is overruled and her second assignment of error is moot. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

CONCUR
FLAGG LANZINGER, P. J.
CARR, J.

APPEARANCES:

YU MI KIM-REYNOLDS, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.